IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50265
Summary Calendar
_____

ROBERT KEIM,

Plaintiff-Appellant,

versus

CITY OF EL PASO; YSLETA INDEPENDENT
SCHOOL DISTRICT; LAURA MENA; ORLANDO DIAZ,

Defendants-Appellees..

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-97-CV-31-F)
_____

November 2, 1998

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Robert Keim sued the City of El Paso, the Ysleta Independent School District ("YISD"), and their respective employees, police officer Orlando Diaz and security officer Laura Mena, alleging civil rights violations under 42 U.S.C. §1983 and various tort claims under the Texas Tort Claims Act stemming from the alleged assault and use of excessive force by defendants Diaz and Mena to unlawfully arrest plaintiff while he was a student at Hanks High School. Plaintiff appeals from the following portions of the district court's order dismissing plaintiff's complaint: (1) the grant of summary judgment in favor of defendants Diaz and Mena on

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the § 1983 claims for actions taken in their official capacities; (2) the sua sponte grant of summary judgment to defendants Diaz and Mena on plaintiff's state claims brought under the Texas Tort Claims Act; and (3) the finding that plaintiff's amended complaint did not allege § 1983 violations against defendants Diaz and Mena for actions taken in their individual capacities. We affirm in part and reverse in part.

We agree that the district court's grant of summary judgment for defendants Diaz and Mena on the § 1983 claims for actions taken in their official capacities and the sua sponte grant of summary judgment on the state tort claims was proper. As to the § 1983 individual-capacity claims, we decide that plaintiff has sued defendants Diaz and Mena in their individual capacities for constitutional violations under § 1983; and although the claim did not satisfy the heightened pleading standard to overcome defendants' qualified immunity defense, the district court's implicit sua sponte dismissal was improper as the plaintiff was given no notice or opportunity to satisfy the heightened pleading standard.

Plaintiff alleges that on January 17, 1996, defendants Orlando Diaz and Laura Mena assaulted him at Hanks High School. Diaz is a police officer for the City of El Paso and a part time security guard at the high school. At the time of the alleged assault, Diaz was working as a security guard but was wearing his police uniform. Mena is also a security guard at the high school. Specifically, plaintiff alleges that as he was walking toward the attendance office, Mena grabbed his arm and tried to confine him in the security officer's room with the help of Diaz and another security guard. Plaintiff admits he "resisted" this assault in some fashion, but does not specify the extent of that resistence. Diaz then allegedly beat plaintiff about the face, chest, and abdomen, using his fists and a hand-held police radio. Plaintiff was then handcuffed, arrested, and detained at the Pebble Hills Police Station, where he was charged with assault.

Plaintiff filed his original complaint on February 6, 1997, against the City of El Paso and YISD alleging constitutional violations under § 1983 and state tort claims under the Texas Tort Claims Act. On December 15, 1997, the plaintiff filed an amended complaint adding Diaz and

2

Mena as defendants. Plaintiff's amended complaint alleged that the arrest was groundless and unlawful, was effected with excessive force, violated his right to free speech, and constituted cruel and unusual punishment. On February 4, 1998, the district court, in response to separate motions by the City of El Paso and YISD, granted summary judgment in favor of the city and the school district as to all of plaintiff's claims and dismissed those claims with prejudice. The district court concluded that plaintiff had not sued Diaz and Mena in their individual capacity on the § 1983 claims. Additionally, on its own motion, the district court granted summary judgment to Diaz and Mena on the § 1983 claims for actions taken in their official capacity, and on the state tort claims for actions taken in both their official and individual capacities. Plaintiff then brought this appeal challenging the propriety of the district court's disposition of the claims against Diaz and Mena.

## I. DISCUSSION

A.      *§ 1983 Claims Against Defendants Acting in their Official Capacities*

We review a grant of summary judgment de novo, applying the same standard as that used by the trial court. *See Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). Under Rule 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). On appeal, we view the pleadings and summary judgment evidence in the light most favorable to the non-moving party. *See Melton*, 114 F.3d at 559. Under Rule 56, "the moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). "The non-moving party must set forth specific facts to establish that there is a genuine issue for trial, but where the evidential submissions lack probative value as to a genuine issue, summary judgment is appropriate." *Id.* The substantive law determines what facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477

3

U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A "genuine" issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 174 (5th Cir. 1994).

As to plaintiff's claims pursuant to 42 U.S.C. § 1983, the district court granted summary judgment for the City of El Paso and Officer Diaz acting in his *official capacity* only. Similarly, the district court granted summary judgment to Ysleta and its employees Diaz and Mena for actions taken in their *official capacities* only. The district court held that the City of El Paso and Ysleta were both entitled to summary judgment on plaintiff's § 1983 claims because the summary judgment record was devoid of any evidence that the alleged constitutional violations resulted from the "implementation or execution of a policy or custom which was officially adopted by that [municipality's] officers." *Meadowbriar Home for Children, Inc., v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996). Consequently, the district court also granted summary judgment to Diaz and Mena for actions taken in their official capacity.

Plaintiff does not challenge the district court's grounds for granting summary judgment to the City of El Paso or YISD and we need not disturb that aspect of the decision. Rather, plaintiff argues that summary judgment for Diaz and Mena was improper because there was a genuine issue of material fact as to whether these defendants waived the "defense of official immunity." Plaintiff seems to have confused the separate concepts of "official-capacity" and "qualified immunity" by combining them into this so-called defense of official immunity. Plaintiff argues that there is a genuine issue of material fact as to whether defendants Diaz and Mena waived their defense of official immunity because (1) neither the City of El Paso nor Ysleta offered any proof that their employees were "entitled to the defense of official immunity as a matter of law;" (2) neither Diaz nor Mena raised the defense of "official immunity;" and (3) no defendant offered any evidence that Diaz or Mena were entitled to qualified immunity.

4

Plaintiff fails to recognize, however, that there is a distinction between official-capacity suits and individual- or personal-capacity suits. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62, 116 L. Ed. 2d 301 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 3105-06, 87 L. Ed. 2d 114 (1985). A § 1983 claim against Diaz and Mena for actions taken in their official capacity is not the same as a suit against these defendants in their individual capacities. *See Graham*, 473 U.S. at 166, 105 S. Ct. at 3105. Any claims against these defendants for actions taken in their respective *official capacities* as employees of the city and the school district are treated as claims against the governmental entity itself. *See Hafer*, 502 U.S. at 24, 112 S. Ct. at 361; *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Consequently, the individual defense of qualified immunity does not apply to an official-capacity claim. *See Graham*, 473 U.S. at 167, 105 S. Ct. at 3106.

The district court did not, as plaintiff suggests in his brief, grant summary judgment for defendants Diaz and Mena for actions taken in their individual capacity. The district court expressly stated that it granted summary judgment to Diaz and Mena on the § 1983 claims only for actions taken in their official capacities. Therefore, the qualified immunity defense applicable to individual-capacity claims was wholly inapplicable to a claim against Diaz and Mena for actions taken in their *official capacities* and plaintiff's grounds for appeal on this issue based on waiver of qualified immunity are without merit.

B.      *§ 1983 Claims Against Defendants Acting in their Individual Capacities*

        1.      *Standard of Review*

The district court's determination that plaintiff had not stated a § 1983 claim against defendants Diaz and Mena in their individual capacities was effectively an implicit dismissal on the pleadings under Rule 12(b)(6), even though the district court did not expressly cast it as such. We review a dismissal on the pleadings under Rule 12(b)(6) de novo, accepting all well-pleaded allegations as true. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The district court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Id.* But, if a complaint fails to allege a required element of plaintiff's claim for relief, dismissal is proper. *See id.* Conclusory factual allegations or legal conclusions will not survive a motion to dismiss. *See id.* Further, § 1983 individual-capacity complaints must be pleaded with "factual detail and particularity." *Schultea v. Wood*, 47 F.3d 1427, 1429-30 (5th Cir. 1995).

"The district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990)). This requires the district court to give the adverse party "both notice of the court's intention and an opportunity to respond" before *sua sponte* dismissal. *See id.* at 1054 n.5 (quoting *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1185 (7th Cir. 1989)). Dismissal of a § 1983 claim for failure to satisfy the heightened pleading standard necessary to overcome a qualified immunity defense is ordinarily unjustified where the plaintiff has had only one opportunity to plead his case. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

2.      *Interpretation of the Pleadings*

Rule 8(f) of the Federal Rules of Civil Procedure requires that the court construe all pleadings to do substantial justice. *See* FED. R. CIV. P. 8(f). This means that federal courts should construe the pleadings in favor of the pleader. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, 23 L. Ed. 2d 404 (1969). Under this standard, we find that the amended complaint alleges a § 1983 claim against defendants Diaz and Mena in their individual capacities. Here, the district court found that much of the language in the amended complaint was consistent with an official-capacity claim,[1] but recognized that some language could be

---

[1] The district court focused specifically on language in the complaint alleging that defendants were acting within the course and scope of their employment during the incident giving rise to the lawsuit. For example, the jurisdictional allegations of the amended complaint state:

> 3.      That at all time pertinent to this Complaint, the defendants, CITY OF EL PASO, TEXAS and YSLETA INDEPENDENT SCHOOL DISTRICT, were

construed to suggest that plaintiff had intended to sue Diaz and Mena in their individual capacities as well.[2] Plaintiff's Motion For Leave To File Amended Complaint also indicates plaintiff's intention to sue these defendants in their individual capacities.[3] Construing the pleadings in favor of the pleader, as required by Rule 8(f), plaintiff did in fact sue defendants Diaz and Mena in their individual capacities.

We further hold that the district court's contrary conclusion was reversible error. First, upon de novo review, we agree with the district court that the amended complaint fails to satisfy the heightened pleading standard for alleging a § 1983 excessive force or unlawful arrest claim against Diaz and Mena in their individual capacities.[4] *See Jackson v. City of Beaumont Police*

_____

employers of Defendant Diaz, who was at all times acting within the scope of his employment with defendants CITY OF EL PASO, TEXAS and YSLETA INDEPENDENT SCHOOL DISTRICT.

4.      That at all times pertinent to this Complaint, the defendant, YSLETA INDEPENDENT SCHOOL DISTRICT, was employer of Defendant Mena and Security Officer Moreno, who were at all times acting within the scope of their employment with defendant YSLETA INDEPENDENT SCHOOL DISTRICT.

[2] The district court found two instances of language in the amended complaint, alleging that defendants acted arbitrarily, capriciously, without good faith, and in ignorance or disregard of the settled principles of law, that suggested an intent to sue the defendants in their individual capacities. The district court noted that these allegations were likely intended to overcome the defendants' qualified immunity defense applicable only to individual-capacity claims. *See Anderson v. Creighton*, 483 U.S. 635, 638-39, 107 S. Ct. 3034, 3038-39, 97 L. Ed. 2d 523 (1987).

[3] In his Motion For Leave To File Amended Complaint, plaintiff states: "The above amendment is sought to include an additional two Defendants in this case, Laura Mena and Orlando Diaz. . . . Through this amended complaint Plaintiff alleges that Defendant Mena may be individually liable to Plaintiff for the same acts alleged against her employer. . . . Through this amended complaint Plaintiff alleges that Defendant Diaz may be individually liable to Plaintiff for the same acts alleged against his employer." Although plaintiff did not specifically state whether defendants could be individually liable with respect to the § 1983 claims, the state tort claims, or both, this language can be construed to indicate plaintiff's intent to allege § 1983 claims against Diaz and Mena in their individual capacities.

[4] Although plaintiff alleges violations of the First, Fourth, Fifth and Eighth Amendments, at most the amended complaint alleges Fourth Amendment excessive force and unlawful arrest claims. Plaintiff's amended complaint makes the following factual allegations: (1) Defendant Mena grabbed plaintiff's arm as he was walking toward the attendance office at Hanks High School; (2) defendants Mena and Diaz, together with security officer Moreno attempted to confine plaintiff in the security office; (3) plaintiff resisted the alleged assault; (4) defendant Diaz,

7

*Dept.*, 958 F.2d 616, 621 (5th Cir. 1992) (holding that amended complaint against individual officers alleging § 1983 excessive force claim failed to plead sufficient facts to overcome the officers' qualified immunity defenses, where the amended complaint did not "plead any facts regarding [plaintiff's] own conduct during the incident, the reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his arrest"); *Babb v. Dorman*, 33 F.3d 472, 477-78 (5th Cir. 1994) (to satisfy heightened pleading requirement of *Elliott*, § 1983 unlawful arrest claim must allege sufficient facts for a district court to discern whether a reasonable officer could have believed that probable cause to arrest existed).

However, the district court's implicit sua sponte dismissal for failure to state a claim was improper because plaintiff did not receive any notice of the impending dismissal and had no meaningful opportunity to satisfy the heightened pleading standard. As we stated in *Jacquez v. Procunier*, "when a complaint does not establish a cause of action in a case raising the issue of immunity, a district court should provide the plaintiff an opportunity to satisfy the heightened pleading requirements" of *Elliott* and its progeny. 801 F.2d at 792. While it is true that plaintiff has already had one opportunity to amend his complaint, the amended complaint is the first pleading against these individual defendants. Moreover, plaintiff had no notice that his pleading as to the § 1983 claims against Diaz and Mena was in any way deficient and in jeopardy of

---

using his fists and a blunt object, beat plaintiff about the face, abdomen, and chest. Based on these facts, plaintiff alleges that defendants' conduct violated "his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of his person, his fifth and fourteenth amendment rights to be free from unjustified and excessive force utilized by defendants, and his eighth amendment right to be free from cruel and unusual punishment."

These factual allegations are properly analyzed under the Fourth Amendment as claims of excessive force and unlawful arrest. *See Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment," rather than implicating the cruel and unusual punishment clause of the Eighth Amendment.); *Duckett v. City of Cedar Park*, 950 F.2d 272, 278-79 (5th Cir. 1992) (violation of an individual's Fourth Amendment right to be free from unlawful arrest and detention can serve as the basis for a civil rights claim under § 1983 where the arrest was made without probable cause).

dismissal prior to the district court's order dismissing the entire complaint. Thus, it cannot be said that plaintiff has had a meaningful opportunity to respond and attempt to correct the deficiency. *Cf. Procunier*, 801 F.2d at 792-93 (dismissal for failure to satisfy heightened pleading standard was warranted without opportunity to amend where plaintiff filed an extensive response to defendant's motion to dismiss specifically addressing the insufficiency of the complaint). Where as here, the plaintiff has not had an adequate opportunity to plead his "best case" against these individual defendants, he should be allowed a chance to cure the defect to satisfy the heightened pleading requirements. *See Jackson*, 958 F.2d at 621-22. The district court has several tools at its disposal to accomplish this goal, such as a request for a more definite statement, the use of interrogatories, granting plaintiff leave to file a second amended complaint, or allowing plaintiff to respond to a motion to dismiss by the individual defendants.

C.      *Sua Sponte Grant of Summary Judgment on State Claims*

After concluding that the City of El Paso and YISD were entitled to summary judgment on all of plaintiff's claims brought under the Texas Tort Claims Act ("TTCA"), the district court, on its own motion, also granted summary judgment in favor of defendants Diaz and Mena in their official and individual capacities because section 101.106 of the TTCA bars any action against employees of a governmental unit if there is a TTCA judgment for or against the governmental unit that concerns the same subject matter as the claim against the individual employees.[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 1997); *Thomas v. Oldham*, 895 S.W.2d 352, 355 (Tex. 1995); *Gonzales v. El Paso Hosp. Dist.*, 940 S.W.2d 793, 795 (Tex. App.—El Paso 1997, n.w.h.).

The district court certainly has the authority to grant summary judgment sua sponte. *See Celotex Corp.*, 477 U.S. at 326, 106 S. Ct. at 2554; *NL Indus., Inc. v. GHR Energy Corp.*, 940

---

[5] Section 101.106 provides: "A judgment in an action or a settlement of a claim under this [governmental liability] chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 1997).

F.2d 957, 965 (5th Cir. 1991). But, sua sponte summary judgment should not be granted unless the district court provides ten days notice to the adverse party as required by rule 56(c) of the Federal Rules of Civil Procedure. *See id.*; FED. R. CIV. P. 56(c). Here, the district court did not provide any notice to plaintiff prior to granting summary judgment in favor of Mena and Diaz on the state tort claims.

Plaintiff argues that the district court's failure to give ten days notice of its intent to grant sua sponte summary judgment constituted harmful error. Although the notice requirement for sua sponte summary judgment is strictly enforced in this circuit, the failure to provide such notice is subject to harmless error review. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1398 (5th Cir. 1994). As plaintiff acknowledges in his brief, failure to provide proper notice is harmless error "if the nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact." *Id.* (emphasis omitted) (quoting *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1403 n.7 (5th Cir. 1993)). Even where a nonmovant has not admitted that he has no additional evidence, an appellate court may find harmless error where the nonmovant fails to offer any additional evidence on appeal. *See id.*

Here, plaintiff has offered no additional evidence on appeal that would raise a genuine issue of material fact regarding the defendants' individual liability for plaintiff's claims brought under the TTCA following entry of judgment on those claims for the city and school district. Nor has plaintiff identified what that genuine issue of material fact might be to preclude summary judgment for defendants based on section 101.106. Consequently, the district court's failure to give plaintiff ten days notice of its intent to grant sua sponte summary judgment to defendants Mena and Diaz on the TTCA claims was harmless error. *See Leatherman*, 28 F.3d at 1398-99 (finding harmless error where plaintiff failed to present any additional evidence on appeal and where no additional evidence was apparent from the record).

10

## II.  CONCLUSION

We affirm the summary judgment on the § 1983 claims against the city and school district in all respects.  We also affirm the summary judgment for defendants Diaz and Mena on plaintiff's claims under the Texas Tort Claims Act.  Finally, we reverse the portion of the district court's judgment on the § 1983 claims against Diaz and Mena in their individual capacities.  The case is remanded for further proceedings on the latter claim.

Affirmed in part and reversed in part.  Remanded.