United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-10845
Summary Calendar
_____

MICHAEL A MARAK

             Plaintiff - Appellant

     v.

DALLAS FORT WORTH INTERNATIONAL AIRPORT BOARD

             Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:03-CV-1883-R

_____

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

## I.   BACKGROUND

Plaintiff-Appellant Michael A. Marak is a former employee of

Defendant-Appellee Dallas/Fort Worth International Airport Board

("DFW").  On June 10, 2003, Marak's employment with DFW was

terminated as part of a reduction-in-force program.  On August

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

- 1 -

21, Marak filed suit against DFW, making four claims.[1]  First, Marak asserted a claim under 42 U.S.C. § 1983, alleging that DFW terminated him in retaliation for publicly speaking out about DFW's allegedly poor compliance with environmental regulations. Second, Marak asserted a state law tortious interference with contract claim, alleging that DFW terminated him to prevent him from becoming vested in a higher tier of benefits under DFW's pension plan.  Third, Marak asserted claims under the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.051 (Vernon 1996), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. (2000), alleging that he was terminated because of his age.  Fourth, Marak asserted a claim under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. (2000), alleging that he was terminated in retaliation for his plans to exercise certain rights under the FMLA.

On December 8, 2003, DFW answered Marak's complaint. Pursuant to the procedures set forth in the district court's scheduling order, on December 8, DFW also effectively filed a motion to dismiss under FED. R. CIV. P. 12(b)(6).  Marak's

---

[1]     On October 7, Marak filed a motion to amend his original complaint, which the court granted.  On November 17, the court granted a second motion to amend the complaint.  This second amended complaint is the operative complaint for this appeal.

response to DFW's motion was not due until March 8, 2004.[2]  He did not, however, file a response by that date.  In compliance with the scheduling order, on March 10, DFW filed a notice of default with the court.  On March 23, the court granted DFW's motion and dismissed all of Marak's claims without prejudice.[3]  Marak now appeals the district court's grant of DFW's motion to dismiss as to his ADEA claim.

## II.  STANDARD OF REVIEW

In this appeal we are called upon to review a district court's dismissal of a case under FED. R. CIV. P. 12(b)(6) for failure to state a claim.  We review such dismissals de novo. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).

## III.  DISCUSSION

On appeal Marak argues that DFW's motion to dismiss only pertained to his § 1983 and state law claims.  Because the motion did not address his ADEA claim, Marak asserts that it should have been beyond the scope of the court's dismissal order.  Thus, in

---

[2]  Under the scheduling order, Marak originally had twenty days to respond to DFW's motion to dismiss.  Through a series of extensions, the response was not due until March 8.

[3]  Marak filed several motions with the district court in response to its dismissal of his complaint.  On March 25, Marak filed a motion to amend his complaint.  On March 29, Marak filed a motion to clarify the dismissal order.  On April 28, the court denied these new motions.  In response, on May 5, Marak filed a motion to amend the judgment.  This motion was denied on June 15.

- 3 -

Marak's view, the court's dismissal of his ADEA claim was sua sponte. According to Marak, a sua sponte dismissal was especially unjust because it was effectively with prejudice since the ninety-day limitations period had long since passed.

Upon inspection, it is absolutely clear that DFW's motion to dismiss cannot be read fairly to encompass Marak's ADEA claim.[4] DFW's motion contains a heading concerning Marak's federal civil rights claims. Since Marak's ADEA claim is a federal civil rights claim, DFW argues that its motion clearly concerned Marak's ADEA claim. This argument, however, is of no moment because DFW never actually mentioned the ADEA in this section. Instead, it exclusively discussed issues relevant to Marak's § 1983 claim. Further, under the heading "Scope of Motion," DFW specifically says that the motion "seeks a dismissal of the claims asserted against DFW Airport under 42 U.S.C. § 1983 due to Plaintiff's failure to state a claim." This section also states that DFW seeks dismissal of Marak's state law claims on sovereign immunity grounds. Nowhere does DFW mention the ADEA. DFW's motion simply did not seek to dismiss Marak's ADEA claim.

Since DFW did not raise Marak's ADEA claim in its motion, the district court's dismissal of the ADEA claim can be characterized fairly as a sua sponte dismissal. A district court

---

[4] The motion to dismiss also failed to address Marak's FMLA claim. However, Marak has not appealed this claim so we need not address it.

- 4 -

may only dismiss a case sua sponte for failure to state a claim if the procedure employed is fair to the parties.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990)).

It is clear that the district court did not employ procedures that were fair to Marak.  Given what appears on the face of DFW's motion to dismiss, Marak could have reasonably believed that his failure to respond would only result in a default on the claims covered in the motion.  He had no notice whatsoever that he would also be defaulting on his ADEA claim.  Given that Marak was actively pursuing discovery at the time the deadline to respond to DFW's motion passed, it is quite difficult to believe that he intended to abandon his entire case.

As a backstop, DFW argues that even if its original motion to dismiss did not address Marak's ADEA claim, we should nevertheless review Marak's complaint ourselves.  Such review, DFW argues, would lead to the clear conclusion that Marak's complaint failed to make several crucial allegations necessary to state an ADEA claim.  We decline to consider DFW's argument regarding Marak's supposedly missing crucial allegations, as this argument is raised for the first time on appeal.  Lifemark Hosps., Inc. v. Liljeberg Enters. (In re Liljeberg Enters.), 304 F.3d 410, 427 n.29 (5th Cir. 2002) ("arguments not raised in the district court cannot be asserted for the first time on appeal").

- 5 -

## IV.   CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court.