# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2014

No. 12-51166

Lyle W. Cayce
Clerk

RONALD AYERS,

Plaintiff-Appellant

v.

BOARD OF REGENTS UNIVERSITY OF TEXAS SYSTEM; UNIVERSITY OF TEXAS AT SAN ANTONIO, "UTSA" Individually and in their Official Capacities; RICARDO ROMO, "President" Individually and in their Official Capacities; ROSALIE AMBROSINO, "Provost" Individually and in their Official Capacities; LYNDA DE LA VINA, "Dean" Individually and in their Official Capacities; COLLEEN MCHUGH, Individually and in their Official Capacities; JAMES D. DANNEBAUM, P.E., Individually and in their Official Capacities; PAUL L. FOSTER, Individually and in their Official Capacities; PRINTICE L. GARY, Individually and in their Official Capacities; H. SCOTT CAVEN, JR., Individually and in their Official Capacities; JOHN W. BARNHILL, JR., Individually and in their Official Capacities; JAMES R. HUFFINES, Individually and in their Official Capacities; JANIECE LONGORIA, Individually and in their Official Capacities; ROBERT ROWLING, Individually and in their Official Capacities,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10–CV–612

Before DAVIS and JONES, Circuit Judges, and MILAZZO,[*] District Judge.

_____

[*] District Judge for the Eastern District of Louisiana, sitting by designation.

No. 12-51166

MILAZZO, District Judge:[**]

Appellant Ronald Ayers filed this wrongful termination suit against his former employer—the University of Texas at San Antonio ("UTSA")—and various UTSA administrators. Following a series of pre-trial motions, the district court entered final judgment in favor of Appellees. Appellant challenges the dismissal of his First Amendment, substantive due process, and procedural due process claims. For the following reasons, we find that Appellant failed to preserve his First Amendment and substantive due process claims for appeal and that the district court properly dismissed Appellant's procedural due process claim on summary judgment. Accordingly, we AFFIRM.

I.

Appellant worked for UTSA as an economics professor. On February 22, 2006, a female graduate student complained that she heard noises of a "sexual nature" coming from Appellant's office. The UTSA Police Department and the Dean of the College of Business, Lynda de la Vina ("de la Vina"), investigated the complaint. As part of the investigation, the UTSA Information Technology Department inspected Appellant's computer and discovered that he had visited several pornographic websites.

In late March or early April 2006, the head of the Department of Economics, Dr. Ken Weiher ("Weiher"), notified Appellant of the graduate student's complaint and ongoing investigation. Appellant believed he was suspected of accessing child pornography. At some point between April 3 and April 5, Appellant deleted files from his computer that evidenced his consumption of pornography.

---

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51166

On April 5, 2006, Appellant met with Weiher, de la Vina, and Associate Dean Daniel Hollas. Appellant stated that he viewed pornography from his UTSA computer for recreational purposes during non-work hours. He further stated that he never intentionally accessed any obscene or illicit material. Appellant was subsequently placed on indefinite medical leave, during which he sought treatment from a psychotherapist. The psychotherapist concluded Appellant was not addicted to pornography and cleared him to return to work.

On June 15, 2006, Appellant met with UTSA Provost Rosalie Ambrosino ("Ambrosino"). Appellant asserted for the first time that he viewed pornography from his office computer in connection with an ongoing research project. On December 6, 2006, Ambrosino recommended termination of Appellant's employment.

On March 27, 2007, UTSA President Ricardo Romo ("Romo") sent Appellant a detailed written notice of the charges against him and the evidence supporting those charges. Romo concluded that good cause existed to terminate Appellant's employment. Appellant was informed that a hearing tribunal of UTSA faculty would be convened to consider whether he should be dismissed.

The hearing was held on March 13 and March 18, 2008. Appellant was present, represented by counsel, and given the opportunity to testify at both sessions. On May 6, 2008, the tribunal found that Appellant used a UTSA computer to access sexually explicit websites and that Appellant deleted files from that computer related to an ongoing investigation. Nonetheless, the tribunal did not recommend termination.

The Board of Regents (the "Board") reviewed the tribunal's findings. The Board accepted the following factual findings: (1) that Appellant frequently used a UTSA computer to access pornographic web sites over an indeterminate period of time; (2) that such access was unrelated to Appellant's job as a professor; (3) that Appellant offered varying explanations for his behavior that were not fully

3

No. 12-51166

supported by the evidence presented; and (4) that Appellant admitted to deleting files related to the investigation against him.  The Board terminated Appellant's employment on July 24, 2008.

Appellant filed suit against UTSA, three UTSA officials, and nine current or former members of the Board (collectively "Defendants").[1]  Appellant asserted claims under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, and Fourteenth Amendments.  Appellant also asserted claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Texas state law.

On July 27, 2011, the district court *sua sponte* dismissed all claims against UTSA for lack of subject matter jurisdiction.  On October 19, 2011, the district court granted in part a motion for summary judgment, dismissing (1) Appellant's unlawful detention claim; (2) Appellant's claims against Defendants in their individual capacities; and (3) Appellant's claims for monetary damages against Defendants in their official capacities.  Upon motion of Defendants, the district court reconsidered its order and dismissed all claims against two UTSA officials and six former members of the Board.  Appellant does not challenge these rulings on appeal.

On October 1, 2012, the district court entered summary judgment in favor of Defendants with respect to Appellant's remaining claims under Section 1983.  Upon motion of Defendants, the district court reconsidered its order and dismissed Appellant's claim under the FMLA as well.  The court entered final judgment on October 10, 2012.  Appellant raises three arguments on appeal: (1) the district court erred by entering summary judgment on his First Amendment claim; (2) the district court erred by dismissing his substantive due process claim *sua sponte*; and (3) the district court erred by entering summary judgment on his procedural process claim.

---

[1] Appellant amended his complaint twice.  The following refers to Appellant's second amended complaint.

No. 12-51166

## II.

We review the grant of summary judgment *de novo*, applying the same standard as the district court. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012) (internal quotation marks omitted). We review the summary judgment record in the light most favorable to the non-moving party. *James v. State Farm Mut. Auto. Ins. Co.*, 719 F.3d 447, 451 (5th Cir. 2013).

## III.

In order to preserve an argument for appeal, a litigant "must press and not merely intimate the argument during the proceedings before the district court." *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994). Although no bright-line rule exists, the argument must be raised "to such a degree that the district court has an opportunity to rule on it." *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 90 (5th Cir. 2011) (internal quotation marks omitted). "Even an issue raised in the complaint but ignored at summary judgment may be deemed waived."[2] *Mid–Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 113 (5th Cir. 2010) (quoting *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995)). In sum, "[a] party may not stand idly by, watching the proceedings and allowing the district court to commit error on which the party subsequently complains." *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999) (internal quotation marks omitted).

---

[2] We have "specifically refused to overturn a summary judgment on a theory not advanced in opposition to the motion in the district court." *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989).

5

No. 12-51166

A.

Before addressing whether Appellant preserved his First Amendment claim for appeal, we must first determine whether that claim was sufficiently raised in the complaint. *See Hopkins*, 199 F.3d at 973. The liberal pleading standards of Rule 8 merely require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (second alteration in original) (internal quotation marks omitted).

Although far from pellucid, Appellant's complaint contains facts sufficient to put Defendants on notice of his First Amendment claim. The complaint lists the First Amendment as a basis for the district court's jurisdiction and, more importantly, alleges in the procedural due process count that Appellant was denied "the academic freedom to engage in the act of exploring, researching and publishing research related to pornography" and that Appellant was "punish[ed] . . . for engaging in research related to a subject matter protected by the 1st Amendment." *See Hopkins*, 199 F.3d at 973–74 (finding constitutional claims sufficiently pleaded under similar circumstances). Moreover, in each of its first three counts, the complaint lists "Violation of 1st . . . Amendment[]" as a subheading.

Having determined Appellant sufficiently raised his First Amendment claim *ab initio*, we now address whether that claim was adequately pressed before the district court. A thorough examination of the lower court motion practice is necessary to answer this question.

On August 29, 2011, Defendants filed a motion to dismiss, and in the alternative for summary judgment. Defendants argued that Appellant's official capacity claims were barred by sovereign immunity, that Appellant's individual capacity claims were barred by qualified immunity, and that Appellant's suit in

general was barred by the statute of limitations. The motion did not specifically mention Appellant's First Amendment claim, nor did Appellant's response to the motion. In its October 19, 2011, memorandum opinion, the district court summarized Appellant's federal claims as follows:

> (1) terminating Plaintiff's employment 'for reasons which were false, stigmatizing, and published' in violation of the Fifth and Fourteenth Amendments . . . (2) unlawful detention in violation of the Fourth and Fourteenth Amendment; (3) gender discrimination in violation of the Fourteenth Amendment; and (4) 'failing to follow established procedures' in connection with [Plaintiff's] termination in violation of the Fourteenth Amendment.     [Plaintiff]   also   alleges   that   his termination violated the FMLA.

The court granted the motion in part and dismissed Appellant's unlawful detention claim, Appellant's claims against Defendants in their individual capacities, and Appellant's claims for monetary damages against Defendants in their official capacities.[3]  Defendants moved for reconsideration, arguing that nine of the remaining defendants should be dismissed because they lacked the requisite authority to reinstate Appellant to his former position.  Appellant did not file an opposition.  The court granted the motion and dismissed the nine defendants.

On August 13, 2012, the remaining defendants filed a motion for summary judgment, seeking dismissal of what they considered to be Appellant's "three remaining claims:" (1) gender discrimination; (2) procedural due process violations; and (3) substantive due process violations.  The motion did not even acknowledge the existence of Appellant's First Amendment claim, much less seek dismissal thereof.  In response to the motion and in support of his procedural due process claim, Appellant essentially copied and pasted the one-

---

[3] The district court analyzed the motion under Rule 56 due to the attachment of matters outside the pleadings.

sentence allegation in his complaint that he was punished for engaging in research protected by the First Amendment. Appellant did not otherwise mention nor invoke his First Amendment claim. In its October 1, 2012, memorandum opinion, the district court summarized Appellant's remaining claims as: (1) sexual discrimination; (2) deprivation of a liberty interest without due process of law; and (3) a violation of the FMLA. The court granted the motion and dismissed the constitutional claims but found that Defendants did not seek summary judgment on the FMLA claim.

Defendants moved the district court to reconsider its order, arguing that their previous motion sought dismissal of the FMLA claim in a footnote. Appellant opposed the Motion and noted that "[t]he only claim remaining after granting Defendants [sic] Motion for Summary Judgment is the Plaintiff [sic] claim that the Defendants violated the Family Medical leave [sic] Act's anti retaliation provisions." The court granted the motion for partial reconsideration on October 10, 2012, and entered final judgment in favor of Defendants on the same day.

The pre-trial motion practice in this matter demonstrates that Appellant ignored multiple opportunities to press the district court for a ruling on his First Amendment claim. Appellant was first put on notice that the district court was unaware of his First Amendment claim when the court purported to summarize his federal law claims in its October 19, 2011, memorandum opinion. The court did not mention Appellant's First Amendment claim. The court again omitted any reference to the First Amendment when it summarized Appellant's remaining claims in its October 1, 2012, memorandum opinion. In fact, in response to Defendants' motion for partial reconsideration, Appellant conceded that only his FMLA claim remained. Perhaps most fatal to the instant appeal was Appellant's failure to inform the district court following the entry of final

No. 12-51166

judgment that it had not ruled on his First Amendment claim.[4]  Given the foregoing, we conclude Appellant did not preserve his First Amendment claim for appeal.

Our prior case law supports this conclusion.  In *Keenan v. Tejeda*, the plaintiffs filed a Section 1983 action, alleging the defendants unlawfully retaliated against them for whistle-blowing and denied them due process and equal protection under the law.  290 F.3d 252, 257 (5th Cir. 2002).  The district court entered summary judgment in favor of the defendants and dismissed the First Amendment retaliation claim.  *Id.* The  court did not address the due process and equal protection claims.  *Id.* at 258.  Final judgment was entered in favor of the defendants.  *See id.* at 257–58.

On appeal, we held that the plaintiffs had waived their due process and equal protection claims, despite the fact that both claims were raised in the complaint and briefed before this court:

> Due process and equal protection were not even mentioned, much less argued, in the defendants' motion for summary judgment, in the plaintiffs' response to the motion for summary judgment, or in the district court's memorandum opinion granting summary judgment. Nor did the plaintiffs file a motion for reconsideration following the court's dismissal of the entire action. Because the due process and equal protection arguments were not properly presented to the district court, we may not consider them here.

*Id.* at 262.

The facts of this case with respect to the abandoned claim closely resemble those in *Keenan*.  The defendants in both cases failed to mention the abandoned claim in their dispositive motions.  Moreover, although Appellant did mention the First Amendment in his reply to Defendants' August 13, 2012, motion for

---

[4] Appellant could have objected to this error by filing a motion to reconsider.

summary judgment, the reference was fleeting at best and made only in support of the procedural due process claim.  Finally, as in *Keenan*, Appellant did not file a motion for reconsideration following the district court's entry of final judgment. Thus, we conclude Appellant abandoned his First Amendment claim.  *See Hopkins*, 199 F.3d at 973–76 (finding waiver of constitutional claims where appellant failed to assert claims prior to the entry of final judgment or in post-judgment motions); *cf. Rosedale*, 641 F.3d at 88–90 (finding waiver of constitutional claim where appellant failed to raise claim until after close of appellee's case at trial).  Accordingly, we may not consider the merits on appeal.

B.

We now address whether Appellant has preserved his substantive due process claim for appeal.  As in the previous subsection, we cannot assess the issue of waiver without first determining whether Appellant adequately raised the claim in his complaint.  Appellant argues his complaint alleges two separate substantive due process violations: (1) termination of public employment in a matter that impugns the employee's reputation, and (2) termination of public employment in an arbitrary or capricious manner.  As explained more fully below, the first alleged violation sounds in *procedural* due process.  To succeed on the second, a plaintiff must show that he had a property interest in his employment and that the public employer's termination of that interest was arbitrary or capricious.  *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011).  A decision is arbitrary or capricious when "made without a rational connection between the known facts and the decision or between the found facts and the evidence."  *Id.* (internal quotation marks omitted).

Appellant's complaint contains facts sufficient to satisfy the liberal notice pleading requirements of Rule 8.  Appellant lists the Fourteenth Amendment as a basis for jurisdiction and lists "substantive due process" as a heading for count

No. 12-51166

I.[5]  More importantly, Appellant pleads facts, which challenge the integrity of Defendants' decision-making process.  For example, Appellant alleges that: (1) the hearing tribunal heard evidence that other professors accessed pornography and used state resources for personal use more often than Appellant; (2) his conduct did not violate UTSA policy; and (3) the Board "misread or misstated the conclusion of the Hearing Tribunal" and chose to "completely ignore the uncontroverted evidence from the hearing."  Because these allegations attack Defendants' use of professional judgment, they suffice to state a claim for substantive due process.  *See State of Tex. ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 819 (5th Cir. 1998) (finding allegation of compromise of professional judgment sufficient to state claim for substantive due process violation).

An examination of the lower court proceedings is once again necessary to determine whether Appellant has abandoned his substantive due process claim. On August 29, 2011, Defendants moved to dismiss, *inter alia*, Appellant's substantive due process claims listed in count 1 of the complaint.  In his opposition memorandum, Appellant stated that Defendants acted arbitrarily and capriciously when the Board purported to accept the factual findings of the hearing tribunal but ignored the tribunal's recommendation that Appellant not be terminated.  In its memorandum opinion, the district court did not list Appellant's arbitrary and capricious claim in summarizing the federal causes of action alleged in the complaint.  "Unlawful detention" was the only substantive due process allegation mentioned by the court. The court entered summary judgment and dismissed that claim, Appellant's claims against Defendants in their individual capacities, and Appellant's claims for monetary damages against

---

[5] The allegations in this count cannot fairly be read, however, to contain an allegation of arbitrary or capricious behavior.  Rather, Appellant appears to allege a procedural due process violation and a violation of his right to privacy.

No. 12-51166

Defendants in their official capacities. The motion was denied "in all other respects."

The district court's ruling clearly did not encompass Appellant's substantive due process allegation of arbitrary and capricious behavior. As explained above, Defendants moved to dismiss only those substantive due process violations listed in count I of the complaint. Appellant did not allege arbitrary and capricious behavior in count I,[6] nor did Defendants list arbitrary and capricious behavior in their summary of Appellant's substantive due process allegations. Furthermore, the district court did not purport to address Appellant's arbitrary and capricious claim in its memorandum opinion. The court's failure to list that claim in its summary of the Appellant's complaint strongly suggests the court was unaware that such claim had been made.

On August 13, 2012, Defendants purported to move for summary judgment on, *inter alia*, Appellant's remaining substantive due process claims. Defendants only addressed Appellant's claim that he was terminated for "false and stigmatizing reasons." Defendants argued Appellant could not prove the charges against him were (1) false, (2) publicized, and (3) stigmatizing, as required by our case law. But even if Appellant could meet these requirements, Defendants argued the substantive due process claim would still fail because Appellant was provided an opportunity to clear his name during a two-day hearing. Appellant opposed this motion by essentially copying and pasting conclusory allegations from his complaint. In responding directly to Defendant's attack on the sufficiency of his substantive due process claim, Appellant argued that Defendants made public, "false assertions of wrongdoing" which gave rise "to a badge of infamy, public scorn, or the like." Appellant also disputed that he was given a meaningful opportunity to clear his name.

---

[6] Rather, as explained above, Appellant's arbitrary and capricious claim is cobbled together from various sections of a rather prolix complaint.

No. 12-51166

The parties clearly conflated substantive due process with procedural due process. We have previously recognized that "discharge from public employment under circumstances that put the employee's reputation, honor or integrity at stake gives rise to a liberty interest under the Fourteenth Amendment [and] a *procedural opportunity* to clear one's name." *Rosenstein v. City of Dall., Tex.*, 876 F.2d 392, 395 (5th Cir. 1989) (emphasis added). Even the cases which Defendants cited in support of their motion recognize that a so-called stigmatization claim invokes the procedural (as opposed to the substantive) safeguards of the due process clause.[7]

Appellant nonetheless contends on appeal that his stigmatization claim is properly cognizable as a substantive due process claim. Appellant's argument consists solely of two out-of-context, one-sentence excerpts from distinguishable case law. This argument is waived for inadequate briefing. *See Salazar–Regino v. Trominski*, 415 F.3d 436, 452 (5th Cir. 2005) (finding waiver where argument consisted solely of one citation to an authority), *vacated on other grounds*, 549 U.S. 1093 (2006).

Given the foregoing, we conclude Appellant has not properly preserved his substantive due process claim for appeal. The district court purported to summarize Appellant's federal claims in two separate orders, each time omitting any reference to a substantive due process violation for arbitrary and capricious termination of employment. Appellant did not challenge this error in response to either order, nor did he file a motion to reconsider the district court's entry of final judgment. Appellant's statement in response to Defendants' August 29,

---

[7] *See Cabrol v. Town of Youngsville*, 106 F.3d 101, 108 (5th Cir. 1997) (affirming summary judgment because plaintiff failed to demonstrate stigma and therefore "the Fourteenth Amendment did not require any procedural safeguards in connection with [his] discharge"); *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989) (emphasizing that stigmatization claim fails if plaintiff is afforded notice and opportunity to clear his name).

2011, motion for summary judgment that Defendants acted arbitrarily and capriciously cannot, by itself, suffice to preserve the claim for appeal. At best, Appellant merely "intimate[d] the argument during the proceedings before the district court." *Mijalis*, 15 F.3d at 1327. By scattering his allegations of arbitrary and capricious termination throughout his complaint and failing to press the district court for a ruling, Appellant waived his right to the pursue the claim on appeal.

## IV.

Although not listed in the "Issues Presented" portion of his brief, Appellant challenges the dismissal of his procedural due process claim.[8] Because we liberally construe briefs in determining issues presented for appeal, we may address the propriety of this ruling. *See Carmon v. Lubrizol Corp.*, 17 F.3d 791, 794 (5th Cir. 1994). We also note that despite mislabeling the claim as one for substantive due process, Appellant's procedural due process claim was sufficiently raised before the trial court such that we may consider the merits on appeal.

When the government discharges an employee amidst allegations which impugn his reputation, the employee may be entitled to notice and an opportunity to clear his name. *See Bledsoe*, 449 F.3d at 653. We employ a seven-part "stigma-plus-infringement" test to determine whether a government employee is entitled to a name-clearing hearing. *Bellard*, 675 F.3d at 461–62. The employee must show: (1) that he was discharged; (2) that stigmatizing charges were made against him in connection with the discharge; (3) that the charges were false; (4) that he was not provided notice or an opportunity to be heard prior to his discharge; (5) that the charges were made public; (6) that he requested a hearing to clear his name; and (7) that the employer refused his

---

[8] As explained *supra*, Appellant conflates the notions of procedural and substantive due process, both in his briefing before this court and in the proceedings before the district court.

No. 12-51166

request for a hearing. *Hughes*, 204 F.3d at 226.

Appellant cannot meet the fourth, sixth, nor seventh prong of this conjunctive test. As to the fourth, it is undisputed that Appellant was provided notice of the charges against him and an opportunity to refute those charges at the tribunal hearing in March 2008. Appellant contends he was not afforded an adequate opportunity to refute any child pornography allegations at the tribunal hearing. In support of this argument, Appellant references the Board of Regent's decision to terminate his employment. That decision was based on the hearing tribunal's findings of fact, none of which mention child pornography. According to Appellant, it follows "that the tribunal did not explore the child pornography allegations and that [Appellant] has never had an opportunity to be heard on those allegations."

This argument is easily dismissed. That the tribunal's findings do not mention child pornography does not speak to the separate issue of whether Appellant was afforded the opportunity to challenge the allegations of child pornography. In fact, it appears to prove the opposite—that Appellant successfully refuted those allegations. Indeed, the transcript from the second day of the hearing clearly establishes that Appellant was afforded the opportunity to clear his name.

Alternatively, Appellant appears to argue he is entitled to a second hearing convened solely for the purpose of clearing his name. Appellant cites no authority in support of this position, nor can we find any. To the contrary, in articulating the stigma-plus-infringement test, we have repeatedly listed the absence of a pre-termination hearing as an element of a *prima facie* case.[9]

Even assuming *arguendo* Appellant was not provided an adequate opportunity to clear his name prior to discharge, the record is devoid of any

---

[9] *See, e.g.*, *Bellard*, 675 F.3d at 462; *Bledsoe*, 449 F.3d at 653; *Hughes*, 204 F.3d at 226; *Rosenstein*, 876 F.2d at 396.

evidence that he requested a name-clearing hearing. Appellant's record citations do not support his contentions on this point whatsoever. Thus, Appellant cannot meet the sixth nor seventh element of the stigma-plus-infringement test.

V.

It was incumbent upon Appellant to raise his First Amendment and substantive due process claims before the district court. Instead, Appellant allowed those claims to languish in limbo during the proceedings below and now seeks to resurrect them before this court. We will not address the merits of a constitutional claim raised essentially for the first time on appeal. Additionally, the record is clear that the district court properly dismissed Appellant's procedural due process claim on summary judgment. Accordingly, and for the reasons previously stated, we AFFIRM.