# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50824
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2014

Lyle W. Cayce
Clerk

MOSTAFA DAVOODI,

Plaintiff - Appellant,

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas

Before KING, DAVIS, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Plaintiff-Appellant Mostafa Davoodi appeals the removal of his lawsuit from Texas state court and the dismissal of his entire lawsuit by the district court. We hold that removal from Texas state court was proper. But because the district court gave no notice to Davoodi before its *sua sponte* dismissal of his state law discriminatory termination claim, we VACATE the dismissal of that claim and REMAND.

## I.

Davoodi filed this lawsuit in Texas state court against his former employer, Austin Independent School District ("AISD"), asserting claims of national origin discrimination, retaliation, and intentional infliction of

emotional distress.  Attached and "fully incorporated" into his complaint was the Charge of Discrimination ("Charge") Davoodi filed with both the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC").  The Charge alleged that Davoodi "ha[d] been and continue[d] to be discriminated against, in violation of Title VII of the 1964 Civil Rights Act, as amended, [and] the Texas Commission on Human Rights Act, as amended, because of [his] national origin."  Davoodi initially referenced the Charge in the "Facts" section of his complaint, but also referenced the Charge and the EEOC when addressing his claim for retaliation.

AISD filed a notice of removal, contending that the district court had jurisdiction under 28 U.S.C. § 1331 because at least one of Davoodi's causes of action was created by federal law.  Thereafter, AISD filed a partial motion to dismiss, seeking to dismiss all of Davoodi's claims except his claim for discriminatory termination under Texas state law.  Davoodi did not respond to the motion.

The district court granted AISD's partial motion to dismiss.  The district court then *sua sponte* dismissed all of Davoodi's claims—including his claim for discriminatory termination under Texas state law—stating that "although [AISD's] motion is titled 'Partial Motion to Dismiss for Failure to State a Claim' it appears to the court that all claims raised by Davoodi are dismissed by this Order."  Although the district court reviewed AISD's asserted grounds for dismissing Davoodi's other claims, the district court did not explain why it also dismissed Davoodi's state law discriminatory termination claim.  Davoodi did not file any post-judgment motions with the district court.  This appeal ensued.

## II.

On appeal, Davoodi argues that (1) the district court lacked subject matter jurisdiction because no federal question existed on the face of his complaint, and (2) the district court erred in *sua sponte* dismissing his claim

No. 13-50824

for discriminatory termination under Texas state law. Davoodi does not challenge the dismissal of his other claims.

A.

We first address Davoodi's jurisdictional argument. We review questions of federal jurisdiction *de novo*. *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011). Davoodi contends that the district court lacked subject matter jurisdiction over his claims because it "is clear that the cause of action at issue, discrimination based on national origin, is being brought under 'Texas state law.'" Davoodi further argues that simply attaching the Charge and incorporating it into the "Facts" portion of his complaint did not create a federal cause of action. We disagree.

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a party to properly remove an action from state court to federal court, the action must satisfy 28 U.S.C. § 1441. Section 1441 provides, in relevant part, that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because "[t]he plaintiff is the master of her complaint . . . [a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)

3

No. 13-50824

(third alteration in original) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)) (internal quotation marks omitted).

Here, because Davoodi attached and fully incorporated the Charge into his complaint, it became a part of his complaint for all purposes. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for *all purposes*." (emphasis added)). Thus, Davoodi's "well-pleaded complaint" included the assertion that he "ha[d] been and continue[d] to be discriminated against, in violation of Title VII of the 1964 Civil Rights Act, as amended, [and] the Texas Commission on Human Rights Act." As a result, the district court had original federal question jurisdiction over Davoodi's lawsuit and removal was proper. *See Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1988) (explaining that the assertion of a federal cause action alone provides the district court with subject matter jurisdiction); *see also* 28 U.S.C. § 1367(a).

B.

Turning to the merits, Davoodi argues that the district court erred because it *sua sponte* dismissed his state law discriminatory termination claim, despite the fact that AISD's partial motion to dismiss acknowledged—but did not seek to dismiss—that claim. In response, AISD argues that Davoodi waived his ability to challenge the district court's dismissal of his state law discriminatory termination claim by not filing a Rule 59(e) motion to amend the judgment or otherwise raising the issue before the district court. AISD relies on the general proposition that arguments not raised before the district court are waived on appeal. We agree with Davoodi.

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Thus, as we explained in *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636 (5th Cir. 2007), a district court may dismiss a claim on its

4

own motion "'as long as the procedure employed is fair.'" *Id.* at 642 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); *see also* 5A Wright & Miller, Federal Practice & Procedure § 1357, at 409 (3d ed. 2004). "[O]ur prior case law has 'suggested that fairness in this context requires both notice of the court's intention and an opportunity to respond.'" *Lozano*, 489 F.3d at 643 (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). "This is consistent with the view of three other circuits that district courts should not dismiss claims *sua sponte* without prior notice and opportunity to respond." *Carroll*, 470 F.3d at 1177.[1]

It is undisputed here that Davoodi received no notice of the district court's intention to dismiss his state law discriminatory termination. AISD did not seek to dismiss Davoodi's state law discriminatory termination claim in its partial motion to dismiss, and the district court did not otherwise provide notice of its intent to dismiss that claim. As such, Davoodi had no notice or opportunity to be heard before the district court issued its order of dismissal. "This treatment of the case did not provide adequate fairness to the appellants, and thus was reversible error." *Id.*

Moreover, the facts presented in the case upon which AISD relies for its waiver argument, *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86 (5th Cir. 2011), bear little resemblance to this case. In *Rosedale*, we concluded that the appellant insufficiently preserved a vague substantive due process claim in its complaint on which neither party nor the court offered "a word more of elaboration . . . over the course of an entire trial." *Id.* at 90;

---

[1] We have recognized exceptions to this rule when: (1) the dismissal was without prejudice, *Bazrowx*, 136 F.3d at 1054; or (2) the party has had the opportunity to allege its "best case," *Jacquez*, 801 F.2d at 792–93. Neither of these exceptions applies here. *See Lozano*, 489 F.3d at 643 (distinguishing *Jacquez* because "the plaintiff [in *Jacquez*] repeatedly represented that his complaint adequately stated the cause of action and refused to file a supplemental complaint even in the face of a motion to dismiss").

*see also, e.g.*, *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (explaining that the plaintiffs failed to preserve an argument "not even mentioned, much less argued" in the parties' summary judgment briefing and noting that the plaintiffs did not file a motion for reconsideration). Here, by contrast, Davoodi's complaint expressly stated that AISD's conduct "constituted discrimination based on national origin against [Davoodi] in violation of Texas state law," and AISD acknowledged but did not dispute that claim in its partial motion to dismiss.

Indeed, we have long—and with some frequency—permitted parties to appeal the improper *sua sponte* dismissal of their claims, even when those parties have not filed a Rule 59(e) motion. *See Lozano*, 489 F.3d at 642–43; *see also, e.g.*, *Indusoft, Inc. v. Taccolini*, No. 13-50042, 2014 WL 1047065, at *7 (5th Cir. Mar. 19, 2014) (unpublished); *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 976–77 (5th Cir. 2008) (unpublished); *Marak v. Dall. Ft. Worth Int'l Airport Bd.*, 124 F. App'x 272, 274–75 (5th Cir. 2005) (unpublished); *Keim v. City of El Paso*, 162 F.3d 1159, 1998 WL 792699, at *4 (5th Cir. Nov. 2, 1998) (unpublished).[2] Thus, we disagree with AISD's contention that Davoodi waived his ability to appeal. To the extent that AISD attempts to broadly construe language in cases from our circuit to support its argument, we clarify that those cases do not require parties to file a Rule 59(e) motion in

---

[2] Our sister circuits have similarly allowed parties to appeal the improper *sua sponte* dismissal of their claims, even when those parties did not file a Rule 59(e) motion. *See, e.g.*, *Grant v. Cnty. of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013) (unpublished); *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 557–58 (6th Cir. 2012); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *Cepero–Rivera v. Fagundo*, 414 F.3d 124, 130 (1st Cir. 2005). *But see Hopkins v. Saunders*, 199 F.3d 968, 974–75 (8th Cir. 1999) (holding that a party waived its right to pursue two improperly dismissed claims that were not discussed in the district court in part because the party "took no affirmative action immediately following the entry of judgment to call the district court's attention to the fact that it had not ruled on his [claims]").

No. 13-50824

order to appeal the improper *sua sponte* dismissal of their claims.[3]  *See Lozano*, 489 F.3d at 642–43; *see also Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law . . . .").[4]

We therefore VACATE the dismissal of Davoodi's state law discriminatory termination claim and REMAND it for further proceedings. The remainder of the district court's judgment is AFFIRMED.

---

[3] Although not required, it is good practice for a party to file a Rule 59(e) motion giving a district court an opportunity to correct its inadvertent dismissal of that party's claims.

[4] In *Ayers v. Board of Regents University of Texas System*, No. 12-51166, 2014 WL 505312 (5th Cir. Feb. 10, 2014) (unpublished), we concluded that the plaintiff did not preserve a "far from pellucid" First Amendment claim because he (1) "ignored multiple opportunities to press the district court for a ruling on his [claim]"; (2) was on notice that the district court was unaware of his claim and even affirmatively represented to the district court that only a different claim was at issue; and (3) did not "inform the district court following the entry of final judgment that it had not ruled on his [claim]." *Id.* at *3–4. *Ayers* is factually distinct from this case—although Davoodi did not file a post-judgment motion, he was not on notice that the district court was unaware of his claim and he did not "ignore multiple opportunities" for a ruling on his claim. Nonetheless, we clarify that *Ayers* is abrogated to the extent that it is inconsistent with the present opinion.