**CENTURY SURETY COMPANY,**
Plaintiff–Appellant Cross–
Appellee

v.

Cylie BLEVINS, individually and as Tutor on behalf of Jeffrey Dugas, II; Jeffrey Dugas, Defendants–Appellees

Sohum, L.L.C., doing business as Regency Inn, Defendant–Appellee Cross–Appellant.

No. 14–31131.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 2015.

Jay Russell Sever, Esq. (argued), Charlotte Jane Sawyer, Phelps Dunbar, L.L.P., New Orleans, LA, for Plaintiff–Appellant Cross–Appellee.

Richard Franklin Zimmerman, III, Esq., McKernan Law Firm, Baton Rouge, LA, for Defendant–Appellee, Cylie Blevins, in-

dividually and as Tutor on behalf of Jeffrey Dugas, II.

Jeffrey Dugas, Winnsboro, LA, Pro Se.

Anthony M. Fazzio (argued), Lafayette, LA, Lee A. Archer, Esq., Law Office of Lee A. Archer, Lake Charles, LA, for Defendant–Appellee Cross–Appellant.

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

This is an insurance coverage dispute, which is before us on appeal from the district court's dismissal of both plaintiff-appellant's declaratory judgment action and defendants-cross-appellants' counterclaims. For the reasons that follow, we reverse the district court's dismissal of the counterclaims in part, remand them for reconsideration, and vacate and remand the district court's application of the abstention doctrine to the declaratory judgment action.

## FACTS AND PROCEEDINGS

### A. *The Injury Occurs and the State Court Litigation Commences*

On May 20, 2012, Jeffery Dugas II, the son of Cylie Blevins and Jeffery Dugas, was injured at the Regency Inn in Lafayette, Louisiana, after drinking from an "Icee cup" containing "a dangerous and toxic substance" (sodium hydroxide) that he found in the Inn's laundry facility. The Dugas family brought suit against Sohum LLC (doing business as the Regency Inn) ("Sohum") in the 15th Judicial District Court, Lafayette, Louisiana (the "Underlying Suit").

Century Surety Company ("Century") issued a general-liability insurance policy to Sohum (the "Policy") that was in force on May 20, 2012. Century agreed to defend the Underlying Suit, but also sent Sohum a "Reservation of Rights Letter" stating that it had no duty to defend against suits for bodily injury not covered under the Policy and that it reserved its rights under the Policy. The Reservation of Rights Letter explained Century's coverage position: the Policy excludes coverage for bodily harm caused by minerals or other harmful materials; the complaint alleges bodily harm as a result of ingesting a dangerous, toxic, and corrosive substance; and, therefore, Century reserves the right to deny coverage to the extent that the Underlying Suit seeks damages arising from a hazardous or toxic substance.

### B. *Century Brings a Federal Declaratory Judgment Action*

Century then filed an action in the United States District Court for the Western District of Louisiana seeking a declaratory judgment that, under the Policy, it is required neither to defend nor to indemnify Sohum in the Underlying Suit. Century alleged that because the purported injury in the Underlying Suit is a bodily injury caused by the toxic substance in the "Icee Cup," the Policy, under its toxic substance exclusion, does not apply.

Sohum filed an answer and counterclaim against Century alleging: (1) "breach of contract" for "refusing to provide coverage and a defense"; (2) "bad faith refusal to provide coverage"; (3) "Estoppel" based on unspecified prior representations; (4) "Vicarious Liability" for the "misrepresentation [and] fault of its agents"; and (5) "Unfair Commer[ci]al Practices" based on Century's alleged omission of material information and failure to "disclose relevant facts." Blevins and Dugas also filed an answer and a counterclaim, asking the

court for a declaratory judgment that the Policy provides coverage in the Underlying Suit and for "payment" for "all damages sustained ... as a result of the events described in the Underlying lawsuit." Century filed a "motion for partial dismissal of" two of Sohum's counterclaims: bad faith and unfair commercial practices.

## C. The District Court Dismisses the Declaratory Judgment Action and All Counterclaims

The district court granted Century's motion to dismiss. The district court also dismissed Sohum's other three counterclaims (breach of contract, estoppel, and vicarious liability) sua sponte. Then, with no other claims remaining, the district court sua sponte dismissed the declaratory judgment action without prejudice under the abstention doctrine.[1]

The district court began its opinion with Century's motion to dismiss. First, the district court evaluated Sohum's allegation that Century violated its obligation of good faith and fair dealing by sending "a reservation of rights letter which was 'unclear and unintelligible' and failed to state any 'legitimate reason in the Policy' for denial

of coverage." Century contended that these claims could be brought only under La. Rev. Stats. §§ 22:1892 or 22:1973. The district court agreed and held that " 'Louisiana does not recognize a separate and distinct obligation of good faith, the breach of which would be equivalent to a breach of contract between the parties.' " (quoting *Gulf Coast Bank and Trust Co. v. Warren*, 2012–1570 (La.App. 4 Cir. 9/18/13); 125 So.3d 1211, 1219).

Section 22:1973(B)(1)[2] allows recovery when "an insurer [m]isrepresent[s] pertinent facts or insurance policy provisions relating to any coverages at issue." As the district court noted, Louisiana intermediate appellate courts have held that misrepresentations under § 22:1973(B)(1) must concern "facts about coverage, not facts concerning liability." (citing *Talton v. USAA Cas. Ins. Co.*, 2006–1513 (La.App. 4 Cir.2008); 981 So.2d 696, 710, *overruled by Kelly v. State Farm Fire & Cas. Co.*, 2014–1921, 169 So.3d 328, 2015 WL 2082540 (La.5/5/15)).

The district court found that the Reservation of Rights Letter "confirmed [Century] was defending Sohum in the underlying lawsuit.... [but] it had 'no duty to

---

1. Sohum's counterclaims were initially dismissed with prejudice. The district court converted that ruling to a dismissal without prejudice in its denial of the parties' Rule 59 and Rule 60 motions.

2. The district court did not analyze the other sections of § 22:1973 because it held that "only subsection (B)(1) could be possibly relevant." R. at 348. The full text of § 22:1973(B) reads:

> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
> (4) Misleading a claimant as to the applicable prescriptive period.
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

> Nothing in Sohum's counterclaims suggests that provisions (B)(2)-(6) could apply.

defend [Sohum] against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which [the Policy] does not apply." (quoting the Reservation of Rights Letter). The content of the Letter, the district court held, was not a misrepresentation in violation of § 22:1973(B)(1).

Next, the district court considered whether Sohum sufficiently pleaded an unfair trade practices claim under the Louisiana Unfair Trade Practices Act ("LUTPA"). Louisiana courts have held that "unfair trade practice involving insurance is within the jurisdiction of the commissioner of insurance and outside the scope of the LUTPA." (citing *Travelers Indem. Co. v. Powell Ins. Co.*, 1996 WL 578030, *4 (E.D.La. Oct. 4, 1996)). *But see Lamarque v. Mass. Indem. & Life Ins. Co.*, 794 F.2d 197, 198 (5th Cir.1986). As a result, the district court dismissed Sohum's LUTPA claim.

The district court did not address the substance of Sohum's remaining three claims: breach of contract, estoppel, or vicarious liability. Yet in its discussion of Century's declaratory relief claim, the district court stated that all five counterclaims were dismissed. Regardless of the lack of discussion, the district court dismissed Sohum's breach of contract, estoppel, and vicarious liability claims sua sponte.

With "only Century's Declaratory Judgment remain[ing]," the district court turned, sua sponte, to the issue of abstention. Because the five counterclaims seeking coercive relief were dismissed, the court addressed abstention under the *Brillhart* standard. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Acknowledging that abstention applies only " 'where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties,' " the district court appears to

have assumed that the federal and state cases are parallel. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 281, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Then, applying the Fifth Circuit's seven-factor *Brillhart* test, the district court stated that "the seven factors militate in favor of declining jurisdiction over this case." *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994) (setting out the standard for applying *Brillhart* in the Fifth Circuit). Then the court dismissed the case with prejudice.

Both parties filed Rule 59 and 60 motions. The district court denied both motions, although it amended its dismissal of Sohum's counterclaims to be without prejudice.

### D. Both Parties Appeal

Century appealed the district court's ruling, arguing primarily that the state and federal proceedings were not parallel and, therefore, the district court erred in applying the abstention doctrine and dismissing the declaratory judgment action. Century also argues, in the alternative, that the district court incorrectly applied the *Trejo* seven-factor test. Sohum agrees that the abstention doctrine was wrongfully applied and that the declaratory judgment action was improperly dismissed. Sohum similarly argues that the state and federal cases were not parallel, that the wrong legal standard was applied, and that even if the district court applied the right test, it did so incorrectly. Sohum also filed a cross-appeal, arguing that the district court erred in dismissing its counterclaims. In the alternative, Sohum argues that the district court should have allowed it to amend its counterclaims rather than dismissing them.

### E. Century is Joined in the State Court Proceeding

After the parties' briefs were filed, Century was named as a defendant in the

Underlying Suit. At oral argument, both parties agreed that all the coverage issues related to Century's declaratory judgment action are now also before the state court. Sohum argues that if its counterclaims were dismissed with prejudice (as Century argues), then it cannot bring the same claims in state court. At oral argument Sohum agreed that, absent this bar, it could file its claims in state court.

## JURISDICTION & STANDARD OF REVIEW

■■■ The district court had diversity jurisdiction over the Declaratory Judgment Act action and its counterclaims under 28 U.S.C. § 1332(a)(1). This court has appellate jurisdiction over the district court's decision. 28 U.S.C. § 1291. "This court reviews the dismissal of a declaratory judgment action for an abuse of discretion." *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372 (5th Cir.1998) (citing *Wilton*, 515 U.S. at 289–90, 115 S.Ct. 2137). Dismissals pursuant to Rule 12(b)(6) are reviewed de novo. *Herrmann Holdings Ltd. v. Lucent Tech., Inc.*, 302 F.3d 552, 557 (5th Cir. 2002). The dismissal "will be upheld only if 'it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.'" *Herrmann*, 302 F.3d at 558 (citing *U.S. ex rel. Thompson v. Columbia HCA/Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir.1997)).

## DISCUSSION

A. *The Challenged Counterclaims*

i. *The Bad Faith Counterclaim*

■■■ The district court dismissed Sohum's bad-faith counterclaim because it

failed to state a claim under La.Rev.Stat. § 22:1973.[3] We find that dismissal to be in error and reverse and remand.

First, the case relied upon by the district court, *Theriot v. Midland Risk Insurance Company*, 95–C–2895 (La.5/20/97); 694 So.2d 184, 188 (La.1997), merely holds that § 22:1973 creates an exclusive cause of action for *third parties* because no judicial cause of action for third parties existed before the statute's enactment. Second, and more importantly, the district court's holding is at odds with the Louisiana Supreme Court's recent decision in *Kelly v. State Farm Fire & Cas. Co.*, 2014–1921, 169 So.3d 328, 336–37, 2015 WL 2082540, at *7 (La.5/5/15).

In *Kelly* the Louisiana Supreme Court extended the logic of *Theriot* and held that "an *insured's* cause of action for a breach of the implied covenant of good faith and fair dealing is not limited to the prohibited acts listed in La. R.S. 22:[1973](B)." *Id.* (quoting *Stanley v. Trinchard*, 500 F.3d 411, 427 (5th Cir.2007)). The difference between the third parties in *Theriot* and the insureds in Kelly is that the third parties' right to bring causes of action against insurers was created by § 1973, whereas insureds' right to bring a cause of action for breach of the duty of good faith and fair dealing preceded § 1973. *See, e.g., Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 423 (La.1988).

The district court did not consider whether Sohum properly alleged a breach of Century's good faith and fair dealing obligation under Louisiana Law other than La.Rev.Stat. § 22:1973. As a result, we reverse the district court's dismissal of

---

**3.** At oral argument counsel for Century argued that the district court actually dismissed this claim as frivolous. This argument is belied by the district court's order. The mere use of the term frivolous in the district court's denial of Sohum's Rule 59 and 60 motions does not change the district court's ruling.

Sohum's bad faith counterclaim and remand for reconsideration of whether, in light of *Kelly,* Sohum has pleaded a claim under Louisiana law.

### ii. *The Unfair Trade Practices Counterclaim*

■ We affirm the district court's dismissal of Sohum's LUTPA claim. LUTPA does not apply to "actions or transactions subject to the jurisdiction of the ... insurance commissioner." La.Rev.Stat. § 51:1406(1). Nonetheless, Sohum cites *Lamarque v. Mass. Indem. & Life Ins. Co.,* in which this court held that LUTPA allows private claims against insurance companies. 794 F.2d 197, 198 (5th Cir. 1986). *Lamarque,* however, was published before *Clausen,* which held that LUTPA "does not provide for a private cause of action." *Clausen v. Fidelity & Deposit Co. of Md.,* 95–0504 (La.App. 1 Cir. 8/4/95); 660 So.2d 83, 86. Though no Louisiana Supreme Court case is on point, "[i]n making an *Erie* guess in the absence of a ruling from the state's highest court, this Court may look to the decisions of intermediate appellate state courts for guidance." *Howe ex rel. Howe v. Scottsdale Ins. Co.,* 204 F.3d 624, 627 (5th Cir.2000).

Thus *Clausen,* not *Lamarque,* directs our inquiry.[4] Because *Clausen's* interpretation of LUTPA makes clear that the district court was correct in holding that Sohum failed to state a claim for unfair trade practices, we affirm the district court's dismissal of that counterclaim.

### B. *The Unchallenged Counterclaims*

■ Following dismissal of the bad faith and LUTPA counterclaims, the district court sua sponte dismissed the additional three counterclaims for breach of contract, estoppel, and vicarious liability. While the district court has great discretion in how it manages its cases, in the Fifth Circuit litigants must—with certain exceptions—be given notice and an opportunity to respond before a district court dismisses claims sua sponte. Since the exceptions do not apply in this case, we reverse the district court's dismissal of the three unchallenged counterclaims and remand for briefing and reconsideration.

■ As a general rule, "[e]ven if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004). In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous. *See Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir.1986).

This circuit recently considered whether a sua sponte dismissal was fair in *Davoodi v. Austin Independent School District,* 755 F.3d 307 (5th Cir.2014). There, the plaintiff brought a discrimination suit against his former employer. *Id.* at 308. The defendant moved to dismiss all claims except for a state-law discriminatory termination claim. *Id.* at 309. The district court granted defendant's motion and, sua

---

4. We note too that this conclusion is consistent with those federal and state courts that have considered this issue. *See Travelers Indem. Co. v. Powell Ins. Co.,* No. CIV. A. 95–4188, 1996 WL 578030, at *4 (E.D.La. Oct. 4, 1996) (collecting cases); *West v. Fireman's Fund Ins. Co.,* 683 F.Supp. 156, 156–57 (M.D.La.1988) (explicitly declining to follow *Lamarque* and following *Comeaux v. Pa. Gen. Ins. Co.,* 490 So.2d 1191 (La.Cir.App.1986)); *Alarcon v. Aetna Cas. & Sur. Co.,* 538 So.2d 696, 700 (La.Cir.App.1989) (explicitly declining to follow *Lamarque* ).

sponte, dismissed the remaining discriminatory termination claim without elaboration. *Id.* This circuit reversed, holding that a district court may dismiss a claim sua sponte " 'as long as the procedure employed is fair,' " and that fairness " 'requires both notice of the court's intention and an opportunity to respond.' " *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 642–43 (5th Cir.2007)); *see also Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir.2006). Thus, the district court's sua sponte dismissal without notice or an opportunity to respond was unfair and necessitates a remand for further proceedings.

*Davoodi* applies here. The district court provided neither notice to Sohum that it intended to dismiss all of its claims nor an opportunity to defend the sufficiency of the claims not challenged by Century. Thus we reverse the dismissal of these three counterclaims and remand for further proceedings.

### C. *The Application of the Abstention Doctrine*

Century's appeal of the district court's selection and application of the *Brillhart* test and dismissal of the declaratory judgment action is altered by our remand of Sohum's counterclaims and the addition of Century as a party to the Underlying Suit. The more lenient *Brillhart* test applies when the only relief sought is declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). *Brillhart,* 316 U.S. 491, 62 S.Ct. 1173. *Brillhart* allows a federal district court to stay an action seeking declaratory relief when the parallel state proceeding involves the same necessary parties and the claims of

all parties in interest can be adjudicated by the state court. *See Wilton,* 515 U.S. at 281–90, 115 S.Ct. 2137. By contrast, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them when coercive, not declaratory, claims are involved. *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).[5]

We need not consider whether the district court applied the correct test or applied it correctly because some of Sohum's counterclaims have been remanded. Instead, we vacate the district court's dismissal of the declaratory judgment action and remand. The district court should reconsider this issue in light of the remanded counterclaims and the new posture of the state court proceedings.

### CONCLUSION

We REVERSE the district court's dismissal of Sohum's bad faith, breach of contract, estoppel, and vicarious liability counterclaims and REMAND for reconsideration. We AFFIRM the dismissal of Sohum's LUTPA counterclaim. The district court's dismissal of the declaratory judgment action is VACATED and REMANDED.

---

5. We note that, in this circuit, *Colorado River* and its restrictive "exceptional circumstances" abstention requirements apply whenever an action seeks coercive relief, regardless of whether declaratory relief is sought. *New England Ins. Co. v. Barnett,* 561 F.3d 392, 395–96 (5th Cir.2009).