# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2021

Lyle W. Cayce
Clerk

No. 21-40113

Tiffany Carver,

*Plaintiff—Appellant*,

*versus*

Rodrick Atwood, Sergeant; Herman Smith, Officer;
Keith Watson, Officer,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-616

---

Before Jolly, Elrod, and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

Tiffany Carver brought suit in federal court against three corrections officers, among other defendants. She sued them under both 42 U.S.C. § 1983 and Texas common law, alleging the officers had sexually assaulted her. The officers failed to respond to their summonses, so the clerk entered default against them. Then the court—noting Carver had sued the officers in their official rather than personal capacities—dismissed her suit *sua sponte* for lack of subject-matter jurisdiction. It did so with prejudice and without giving Carver notice or an opportunity to respond. We reverse and remand.

No. 21-40113

I.

Tiffany Carver was a corrections officer at the Stiles Unit of the Texas Department of Criminal Justice ("TDCJ"). In December 2019, Carver sued three of her former coworkers—Rodrick Atwood, Herman Smith, and Keith Watson. Carver alleged the three men (the "individual defendants") had sexually assaulted her at the Stiles Unit. She brought causes of action under both 42 U.S.C. § 1983 and Texas common law. The complaint specified that Carver was suing these defendants in their official capacities.

Carver also brought § 1983 claims against TDCJ and the Stiles Unit. TDCJ moved to dismiss on sovereign-immunity grounds. On April 1, 2020, the court granted that motion and also dismissed Carver's claims against the Stiles Unit. The court issued an opinion, but the opinion said nothing about Carver's claims against the individual defendants.

On December 22, 2020, none of the individual defendants had responded to their summonses or defended the suit in any way. So the clerk entered a default. Then on January 4, 2021, the court ordered the individual defendants to "show cause . . . why a default judgment in favor of Plaintiff Tiffany Carver should not be granted against them." The court scheduled a show cause hearing for January 20, 2021, but later canceled it for reasons not in the record.

Then the court shifted course. Without giving Carver notice or an opportunity to respond, the court dismissed her claims against the individual defendants with prejudice. The court reasoned that, because Carver had sued the three in their official capacities for money damages, the suits were *prima facie* barred by sovereign immunity. And because no exception to that immunity applied, the court lacked jurisdiction entirely. Carver timely appealed. A dismissal with prejudice is a final decision, so we have

No. 21-40113

jurisdiction. 28 U.S.C. § 1291; *see also Molina-Aranda v. Black Magic Enters., LLC*, 983 F.3d 779, 783 (5th Cir. 2020).

## II.

We review a district court's dismissal under Rule 12(b)(1) *de novo*. *Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 674–75 (5th Cir. 2020). We accept the complaint's well-pleaded factual allegations as true. *Ibid.*

We first ask whether the district court has a general power to dismiss cases *sua sponte*. It does. Then we ask whether the court has the power to dismiss a case *sua sponte*, with prejudice, and without giving the plaintiff notice or an opportunity to respond. It does not. We therefore reverse the district court's judgment and remand the case.

## A.

District courts may, for appropriate reasons, dismiss cases *sua sponte*. For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case. *See Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018) (citing Fed. R. Civ. P. 41(b)). It is also appropriate when a complaint fails to state a claim. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) ("We have held that a district court is authorized to consider the sufficiency of the complaint on its own initiative." (quotation omitted)). And *sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

This case fits into the final category: *sua sponte* dismissal for lack of jurisdiction. The district court concluded it lacked jurisdiction because Carver's claims—against the defendants in their *official* capacities—were all barred by sovereign immunity. Sovereign immunity is indeed a jurisdictional bar. *See Cambranis v. Blinken*, 994 F.3d 457, 462 (5th Cir. 2021). So the district court was quite correct that, as a general matter, it could *sua sponte* dismiss the complaint.

## B.

In this case, however, the court's specific exercise of that general power was erroneous: It dismissed the complaint *sua sponte* and *with prejudice*. Both the Federal Rules of Civil Procedure and our precedents preclude that.

### 1.

Let's start with the Rules. They combine to give plaintiffs a variety of ways to fix a defective complaint. If courts could dismiss any complaint at any time on their own motion, with prejudice, and without prior notice, those provisions would often be rendered nugatory.

Rule 18 allows plaintiffs to "join, as independent or alternative claims, as many claims as [they have] against an opposing party." Fed. R. Civ. P. 18(a). And Rule 20 gives plaintiffs latitude to join defendants. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Rules 18 and 20 say nothing about adding a claim or a party *after* the original complaint's filing. That is where Rule 15 comes in. *See Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 373 (5th Cir. 2021) (explaining that

No. 21-40113

"[w]hen a party wishes to add a new claim after the deadline for amending the pleadings has passed, the party generally must move for leave to amend" under Rule 15); *McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 872–73 (5th Cir. 1976) (holding that a plaintiff's attempt to add a party after filing the original complaint is governed by Rule 15 rather than Rule 21), *vacated in part on other grounds*, 545 F.2d 919 (5th Cir. 1977). Rule 15 gives plaintiffs a temporary right to amend their complaints. *See* Fed. R. Civ. P. 15(a)(1) (allowing amendment as a matter of course for pleadings "to which a responsive pleading is required . . . 21 days after service of a responsive pleading or 21 days after service of [certain motions], whichever is earlier"). And Rule 15(a)(2) *requires* courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

This case illustrates how no-notice, with-prejudice dismissals undermine the Rules' edifice of interlocking procedural rights. Carver sued the defendants in their official capacities for money damages under § 1983 and state tort law. As the district court explained, such claims are indeed barred by sovereign immunity. *See Alvarez v. Akwitti*, 997 F.3d 211, 214–15 (5th Cir. 2021) ("[Sovereign immunity] bars recovering § 1983 money damages from [TDCJ] officers in their official capacity." (quotation omitted)). But that does not mean Carver had no options. Perhaps she could have amended her complaint to sue the individual defendants in their *personal* capacities. *See ibid.* (dismissing a § 1983 money-damages claim against a TDCJ officer in his official capacity on grounds of sovereign immunity but remanding a personal-capacity § 1983 claim against the same officer for further consideration). Or, depending on the underlying facts, perhaps Carver could have avoided sovereign immunity by adding a new defendant or a new claim.

The dismissal order pretermitted these possibilities. The Rules do not allow that approach.

5

2.

Our precedents confirm as much. The broad rule is that "a district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quotation omitted). More specifically, "fairness in this context requires both notice of the court's intention and an opportunity to respond" before dismissing *sua sponte* with prejudice. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quotation omitted); *see also Lozano*, 489 F.3d at 643 (discussing precedents that generally require "both notice of the court's intention and an opportunity to respond" before *sua sponte* dismissal with prejudice (quotation omitted)).[*]

Our precedents also make clear that a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (explaining, in the context of sovereign immunity, that "[a] court's dismissal of a case resulting from a lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. Accordingly, such a dismissal should be made without prejudice." (quotation omitted)). This rule applies with equal force to sovereign-immunity dismissals. *See, e.g.*, *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of

---

[*] There is one important exception, but it does not apply here. Pre-dismissal notice and opportunity to respond are not needed "if the plaintiff has [already] alleged his best case." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). A plaintiff has "alleged his best case" if the plaintiff (1) "repeatedly declared the adequacy of that complaint in . . . response to [the] defendant's motion to dismiss" and (2) "refused to file a supplemental complaint even in the face of a motion to dismiss." *Ibid.* (quotation omitted) (citing *Lozano*, 489 F.3d at 643). Given that the defendants did not respond in any way to Carver's complaint, the best-case exception is inapplicable.

jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). Therefore, even if the district court had afforded Carver the notice required by the Rules, it still should have dismissed her complaint without prejudice.

* * *

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.