# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2022

Lyle W. Cayce
Clerk

No. 21-50742

Andres Cano,

*Plaintiff—Appellant*,

*versus*

Mark Garcia; City of Kirby, Texas; Kevin Bois, Kirby Police Department; James Laymon; Jason Rendon, Kirby Police Department; John Doe,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-cv-1331

Before Jones, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:*

Two men beat Andres Cano. Cano sued the assailants, his city, and several police officers. The district court dismissed all Cano's federal claims

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50742

with prejudice. The court was correct to dismiss, but it should have done so without prejudice. We therefore affirm the judgment as modified.

I.

Cano's complaint alleges that, on November 16, 2018, Mark Garcia and an unidentified individual ("John Doe") brutally beat Cano without provocation. Cano reported the incident to the Kirby Police Department (the "Department"), but the police did nothing. For about the next two years, Cano continued to ask the Kirby police to investigate the attack. They never did. Garcia, however, did not attack Cano again.

In 2020, Garcia sued (proceeding *pro se*) in federal district court. He brought claims under the federal Constitution against Kirby and three current or former police officers, pursuant to 42 U.S.C. § 1983. And he brought Texas-law claims against Garcia and Doe.

The district court dismissed Cano's federal claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The district court didn't specify whether that dismissal was with or without prejudice. When a district court dismisses for failure to state a claim without "specify[ing] whether [the dismissal] was with or without prejudice," the dismissal is with prejudice. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n.6 (5th Cir. 2004) (per curiam) (citing *Hall v. Tower Land & Inv. Co.*, 512 F.2d 481, 483 (5th Cir. 1975)); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) *and any dismissal not under this rule*—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (emphasis added)); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (explaining that "the effect of the 'adjudication upon the merits' default provision of Rule 41(b)" is to render the dismissal in question prejudicial, thereby barring "refiling of the same claim" in the same court).

In light of that dismissal, the court held "it would be inappropriate to exercise supplemental subject-matter jurisdiction over [Cano's] state law tort claims." So it dismissed those claims. It explicitly noted this latter dismissal was without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c). That eliminated all Cano's claims.

Cano timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II.

We examine our own subject-matter jurisdiction "whenever [it] appears fairly in doubt." *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017) (quotation omitted). We conduct that review *de novo*. *Tenth St. Residential Ass'n v. City of Dallas*, 968 F.3d 492, 498 (5th Cir. 2020).

"[V]ictims do not have standing based on whether *other* people—including their perpetrators—are investigated or prosecuted." *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 617–19 (1973)); *see also id.* at 655 ("[I]t is not the province of the judiciary to dictate prosecutorial or investigative decisions to [an] executive branch."). That is because, though a crime victim has certainly been *injured* by the criminal, that injury is usually neither *traceable* to executive-branch inaction nor *redressable* by a judgment against an executive branch official. *Id.* at 654; *see also Linda R.S.*, 410 U.S. at 618.

*Lefebure* squarely governs here. Every one of Cano's federal claims centers on the same theme: Kirby's policies, and the police defendants, caused Cano's beating to go uninvestigated. Cano does not plausibly allege that the lack of investigation resulted in *further* harm. His only complaint is that his assailants got away with their crime. Thus, though Cano may be a sympathetic plaintiff, his failure-to-investigate claims are simply not cognizable in federal court. *See Lefebure*, 15 F.4th at 652.

No. 21-50742

Cano argues that the district court abused its discretion by refusing to exercise jurisdiction over his state-law claims against Garcia and John Doe. It is well-settled, however, that a "district court has discretion to dismiss pendent state law claims, and may decline to exercise supplemental jurisdiction over such claims where it has dismissed claims over which it had original jurisdiction." *St. Germain v. Howard*, 556 F.3d 261, 263–64 (5th Cir. 2009) (per curiam); *see also* 28 U.S.C. § 1367(c).

### III.

Because Cano lacks standing to assert his federal claims, the district court should have dismissed those claims without prejudice. *See Lefebure*, 15 F.4th at 653–55 (clarifying the issue is one of standing, not substantive law); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

We therefore modify the judgment to be without prejudice as to Cano's federal claims, and we affirm the modified judgment. AFFIRMED AS MODIFIED.