# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2022

Lyle W. Cayce
Clerk

No. 21-10856

Selina Marie Ramirez, individually and as Independent Administrator of, and on behalf of, the Estate of Gabriel Eduardo Olivas and the heirs-at-law of Gabriel Eduardo Olivas, and as parent, guardian, and next friend of and for female minor SMO; Gabriel Anthony Olivas, *individually*,

*Plaintiffs—Appellants*,

*versus*

City of Arlington, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-7

Before Jolly, Elrod, and Haynes, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10856

This case arises out of a tragic police encounter that resulted in the death of Gabriel Eduardo Olivas in 2017. Plaintiffs, the decedent's family members, sued two Arlington police officers and the City of Arlington ("the City"). The defendants moved to dismiss. The district court denied all three defendants' motions to dismiss. The two police officers appealed on the basis of qualified immunity, and last year, this Court reversed and directed the district court to dismiss all claims against the individual officers. *Ramirez v. Guadarrama*, 3 F.4th 129, 137 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2571 (2022).

On remand, the district court properly dismissed the plaintiffs' claims against the individual officers. In addition to dismissing plaintiffs' claims against the individual officers, the district court *sua sponte* dismissed their *Monell v. Department of Social Services*, 436 U.S. 658 (1978) claim against the City with prejudice. This *sua sponte* dismissal of the claim against the City is the subject of this appeal. We conclude that the district court's *sua sponte* dismissal of plaintiffs' *Monell* claim against the City was error. Accordingly, we VACATE the district court's judgment as to the City of Arlington and REMAND for further proceedings.

## I.

The facts of this case are set forth in our prior opinion. *Ramirez*, 3 F.4th at 132-33. To resolve the issues before us, however, we set forth some additional background facts.

Plaintiffs sued the City and two Arlington police officers, Officer Guadarrama and Sergeant Jefferson, regarding the death of Olivas in 2017. In their first amended complaint, plaintiffs alleged two sets of claims. First, they alleged that the two police officers used excessive force in tasing the suicidal Olivas while soaked in gasoline, causing him to burst into flames and die. Second, they alleged that the City's policies, practices, and/or customs were

moving forces behind and proximately caused Olivas's death pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Officer Guadarrama and Sergeant Jefferson asserted qualified immunity and moved to dismiss the complaint. The City also moved to dismiss. The district court denied all three motions to dismiss. The City then answered Plaintiffs' complaint. The individual officers, however, filed an interlocutory appeal of the district court's decision regarding their assertion of qualified immunity. This Court reversed and remanded to the district court with instructions to dismiss the claims against both officers with prejudice. *Ramirez*, 3 F.4th at 137.

On remand, plaintiffs filed a "Motion for Amended Scheduling Order." In the City's responsive filing captioned, "Response to Plaintiffs' Motion for Amended Scheduling Order," it argued that plaintiffs' motion to amend the scheduling order "should be denied because there is no longer a viable claim against the City." Thus, according to the City, plaintiffs' claims against it should be dismissed with prejudice and the district court should enter a final judgment. In plaintiffs' reply, they did not engage with the City's substantive argument that plaintiffs' claims against it should be dismissed. Instead, they pointed out that the City's response argued "only the viability of underlying claims" and failed to present any responsive argument to their motion, which merely sought to clarify the court's scheduling order.

In response to plaintiffs' motion to amend the scheduling order, the district court issued an order dismissing all of plaintiffs' claims with prejudice—including their *Monell* claim against the City. The district court reasoned that "[s]ince the Fifth Circuit has held that neither Guadarrama nor Jefferson violated Olivas's rights, the City cannot be liable. Accordingly, Plaintiffs' claims against the City of Arlington are DISMISSED with prejudice." Plaintiffs timely appealed.

No. 21-10856

## II.

A district court's decision to dismiss, whether *sua sponte* or on a Rule 12(b)(6) motion, is reviewed *de novo*. *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888 (5th Cir. 2021); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 371 (5th Cir. 2015).

## III.

In this circuit, "a district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). "More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). Failure to provide both notice and opportunity to respond before *sua sponte* dismissal with prejudice constitutes reversible error.[1] *See Davoodi*, 755 F.3d at 310; *Carroll*, 470 F.3d at 1177. There is, however, one narrow exception. "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case.'" *Carver*, 18 F.4th at 498 n.1 (quoting *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)). "A plaintiff has alleged his best case if the plaintiff has (1) repeatedly declared the adequacy of that complaint in response to the defendant's motion to

---

[1] The City's argument that "even if error is found in a *sua sponte* dismissal, if the error is harmless[,] the Court should not reverse" is inapplicable in this case because the cases it relies on to support this proposition involve a district court entering summary judgment *sua sponte* without notice. *See Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 320 (5th Cir. 2021) (reviewing entry of summary judgment *sua sponte* without notice for harmless error); *see also Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011) ("We review for harmless error a district court's improper entry of summary judgment *sua sponte* without notice."). In this case, however, the district court *sua sponte* dismissed plaintiffs' *Monell* claim with prejudice. It did not *sua sponte* enter summary judgment. Therefore, based on the procedural posture of this case, we do not review for harmless error.

4

No. 21-10856

dismiss and (2) refused to file a supplemental complaint even in the face of a motion to dismiss." *Id.* (internal quotations omitted).

Turning to the facts of this case, the district court *sua sponte* dismissed plaintiffs' *Monell* claim with prejudice. The district court acted *sua sponte* because it dismissed plaintiffs' claims in response to plaintiffs' housekeeping motion to amend the court's scheduling order. It was not presented with a properly filed motion to dismiss or a motion for summary judgment.

Since the district court acted *sua sponte* when it dismissed plaintiffs' *Monell* claim with prejudice, plaintiffs needed notice of the court's intention and an opportunity to respond. *Carver*, 18 F.4th at 498. But here, plaintiffs had neither notice, nor an opportunity to respond. The district court never gave any indication of its intent to dismiss the *Monell* claim. Notice of the City's desire to seek dismissal is insufficient to satisfy the notice requirement. *See, e.g.*, *Carroll*, 470 F.3d at 1177 (fairness requires "notice of the *court's* intention" (emphasis added)); *Davoodi*, 755 F.3d at 310 (same); *Miller*, 986 F.3d at 888 (same). Additionally, plaintiffs lacked adequate opportunity to respond because the local rules governing reply briefs would have forced them to defend the merits of their case in less time, and with fewer pages, than if they responded to a properly filed motion to dismiss. *Compare* N.D. Tex. Local Rule 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."), *and* 7.2(c) ("[A] brief must not exceed 25 pages (excluding the table of contents and table of authorities)."), *with* 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed."), *and* 7.2(c) ("A reply brief must not exceed 10 pages."). In short, a plaintiff is not required to marshal all their arguments defending their complaint and cram them into a reply brief when confronted with defendant's argument to dismiss the complaint with prejudice smuggled into a "Response to Plaintiffs' Motion for Amended Scheduling Order."

5

No. 21-10856

Finally, the "best case" exception to the notice and opportunity to respond requirements does not apply in this case. As previously discussed, "[a] plaintiff has alleged his best case if the plaintiff has (1) repeatedly declared the adequacy of that complaint in response to the defendant's motion to dismiss and (2) refused to file a supplemental complaint even in the face of a motion to dismiss." *Carver*, 18 F.4th at 498 n.1. Neither scenario occurred here. The City did not file a motion to dismiss,[2] and plaintiffs did not repeatedly declare the adequacy of their complaint or refuse to file an amended complaint in the face of a motion to dismiss.[3] Accordingly, the "best case" exception does not apply.

## IV.

We sum up. In this case, the district court erred by *sua sponte* dismissing plaintiffs' *Monell* claim against the City of Arlington with prejudice without providing the plaintiffs notice or an opportunity to respond. Furthermore, the "best case" exception does not apply. Accordingly, we VACATE the district court's judgment as to the City of Arlington and REMAND for further proceedings.

VACATED and REMANDED.

---

[2] Procedurally, the City could not file a motion to dismiss on remand because it had already answered the complaint. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any [Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed.").

[3] On appeal, plaintiffs assert that if given the opportunity they would amend their *Monell* claim against the City and proceed under one or more alternative theories that are not premised upon the alleged constitutional violations by Officer Guadarrama and Sergeant Jefferson. This Court need not address the merits of those alternative *Monell* theories at this stage. *See Carver*, 18 F.4th at 498 (speculating about plaintiff's possible options to avoid sovereign immunity by amending her complaint).

6

No. 21-10856

HAYNES, *Circuit Judge*, dissenting:

The majority opinion concludes that the district court acted sua sponte when it dismissed Plaintiffs' *Monell*[1] claim. I respectfully disagree. A court acts sua sponte when it does so "[w]ithout prompting or suggestion," or "on its own motion." *Sua Sponte*, BLACK'S LAW DICTIONARY (11th ed. 2019). The court did not do so here. Rather, the City requested dismissal of Plaintiffs' *Monell* claim on two separate occasions: first, in its motion to dismiss Plaintiffs' amended complaint, and second, in its opposition to Plaintiffs' motion for an amended scheduling order. After each request, Plaintiffs were afforded the opportunity to respond—yet, in the latter instance, Plaintiffs failed entirely to address whether their claim is precluded by our decision in *Ramirez v. Guadarrama*, 3 F.4th 129 (5th Cir. 2021) (per curiam). On these facts, I disagree with the notion that the district court acted on its own motion. I therefore respectfully dissent.

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).