# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2024

Lyle W. Cayce
Clerk

_____

No. 23-50430

_____

Carlos Ruben Zuniga,

*Petitioner—Appellant*,

*versus*

United States of America; Department of Homeland Security; Border Patrol Agents,

*Respondents—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CV-56

_____

Before Jones, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

While awaiting trial for illegal reentry, Carlos Ruben Zuniga filed a petition for writ habeas corpus under 28 U.S.C. § 2241 in which he sought release from detention and reinstatement of his status as lawful permanent resident. The district court *sua sponte* dismissed Zuniga's petition for failure

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to exhaust after concluding that he could raise his claims in his pending criminal case. Zuniga appealed.

Zuniga contended in his § 2241 petition that (1) his removal order was invalid under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because the notice to appear that the government served on him before his removal proceeding did not contain the time and place of the proceeding, and (2) the border patrol agent who arrested him failed to take him before a magistrate judge without unnecessary delay. The additional claims that Zuniga raises for the first time on appeal will not be addressed. *See Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1087 (5th Cir. 1981).

The district court did not abuse its discretion in dismissing Zuniga's second claim on non-jurisdictional grounds for failure to exhaust. Although the text of § 2241 does not require exhaustion, this court has recognized that "a federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). Zuniga failed to exhaust with respect to his second claim because he could pursue a remedy in his pending criminal case. *See also United States v. Bowler*, 62 F.3d 397, 1995 WL 449713, at *2 (5th Cir. 1995) ("[H]abeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court." (citation omitted)).

Insofar as his first claim was available as a defense to criminal prosecution, Zuniga should have pursued that claim in his criminal case as well. The district court, however, had no jurisdiction to address Zuniga's first claim. The REAL ID Act "divest[s] federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005). Zuniga's first claim attacks his removal order as invalid under *Pereira*. The district court therefore

No. 23-50430

should have dismissed that claim for lack of jurisdiction rather than for failure to exhaust.

The district court's dismissal of Zuniga's first claim is modified to be one of dismissal for lack of jurisdiction. In addition, dismissal of both claims is without prejudice. *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 601, 607 (5th Cir. 2007); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). As modified, the judgment of the district court is AFFIRMED.