# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10673
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2024

Lyle W. Cayce
Clerk

Branda Olushola,

*Plaintiff—Appellant*,

*versus*

Tarrant County Hospital District, *doing business as* JPS
Health Network,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-510

———————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Pro se plaintiff Branda Olushola sued her former employer Tarrant
County Hospital District, doing business as JPS Health Network (JPS),
seeking recovery under 42 U.S.C. § 1981 for race-based discrimination and

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10673

retaliation. The district court sua sponte dismissed her suit with prejudice, and Olushola challenges that order in this appeal. We AFFIRM.

This is the second time Olushola filed a pro se § 1981 suit against JPS.[1] In 2022, she originally sued JPS under 42 U.S.C. § 1983 but shortly thereafter filed an amended complaint instead asserting a § 1981 claim against JPS.[2] The magistrate judge recommended the district court grant JPS's Rule 12(b)(6) motion because Olushola failed to plead her claim under the correct statute.[3] The district court adopted the magistrate judge's recommendation and dismissed Olushola's suit without prejudice.[4]

On June 3, 2024, Olushola brought this second § 1981 suit against JPS. One day after the complaint was filed, the magistrate judge recommended sua sponte dismissal, finding Olushola's allegations duplicative of those made in her first unsuccessful suit.[5] Olushola timely objected to the magistrate judge's report.

On June 26, 2024, the district court again dismissed, this time with prejudice. It concluded, "[i]n this suit, Plaintiff alleges a nearly identical

---

[1] "We may take judicial notice of prior court proceedings as matters of public record." *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (per curiam).

[2] *Olushola v. Tarrant Cnty. Hosp. Dist.*, No. 4:22-CV-704, 2023 WL 3151076, at *1 (N.D. Tex. Apr. 28, 2023).

[3] The magistrate judge concluded that Olushola failed to present her racial discrimination claim as a § 1983 cause of action, as was required because JPS is a state actor. *Id.* at *1 n.1.

[4] *Id.* at *1.

[5] "[A] district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)). And, in this context, "fairness requires that a litigant have the opportunity to be heard before a claim is dismissed[.]" *Id.*

2

claim for discrimination, adding only that her prior suit should have never been dismissed. She still failed to plead her claim under the correct federal statute."

On July 2, 2024, Olushola moved to amend the district court's order and judgment. She insisted that "§ 1981 is the correct cause of action" because JPS is not a state actor. The district court denied her motion on July 8, 2024. Olushola timely appealed.

"Our review of the district court's dismissal for failure to state a claim for relief is *de novo*."[6] We agree with the district court's determination that JPS is a state actor and that the remedy here lies under § 1983, not § 1981. On appeal, Olushola contends that JPS's nonprofit status and a state statute render JPS a non-state actor. Our precedent forecloses her argument.[7] As she has not sought relief under § 1983, which is the proper vehicle for suing state actors under § 1981, her claim necessarily fails.[8] Therefore, the district court's dismissal with prejudice was proper.

---

[6] *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135 (5th Cir. 1995); *see also Portillo v. Cunningham*, 872 F.3d 728, 733 (5th Cir. 2017).

[7] *See Stern v. Tarrant Cty. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc) (finding JPS a state actor in Fourteenth Amendment context); *see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 n.2 (2001) ("If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes.").

[8] *See Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) (holding that "the express 'action at law' provided by § 1983 . . . provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.").

No. 24-10673

"At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, [as in this case], a cause of action has not been established, the court should finally dismiss the suit."[9]

AFFIRMED.

_____

[9] *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).