# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2025

Lyle W. Cayce
Clerk

No. 24-50596
Summary Calendar

_____

James E. Russell,

*Plaintiff—Appellant*,

*versus*

Reanna Rivera; TXTAG,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1511

_____

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:*

James E. Russell moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order granting Reanna Rivera's motion to dismiss his claims against her for failure to state a claim. In the order, the district court also sua sponte dismissed Russell's claims against TXTAG. Russell has also filed an appellant's brief.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Russell's financial affidavit shows that he is financially eligible to proceed IFP on appeal. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); 28 U.S.C. §§ 1913 & 1917. In addition, as explained below, Russell's appeal is not frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we grant his IFP motion. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). However, we dispense with further briefing. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

Russell has not briefed, and has thus abandoned, any challenge to the dismissal of his claims against Rivera. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We therefore affirm the dismissal of those claims. *See id.* at 751.

However, Russell does challenge the sua sponte dismissal of his claims against TXTAG. Russell attempted to amend those claims after the case was removed. *Cf.* Fed. R. Civ. P. 15(a), 81(c). He also attempted to amend those claims in his response to Rivera's motion to dismiss the claims against her. A district court may dismiss a plaintiff's claim for failure to state a claim sua sponte, "as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (internal quotation marks and citation omitted). A litigant must "have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." *Id.* Fairness requires "'both notice of the court's intention and an opportunity to respond.'" *Id.* at 373 (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). Here, the district court did not give Russell notice and an opportunity to respond before dismissing his claims against TXTAG. The district court dismissed the claims against TXTAG for the reasons set forth in the magistrate judge's report and recommendation, but the report only recommended that Rivera's motion to dismiss the claims against her be granted, and that Russell's claims against her be dismissed. It is also unclear whether the district court countenanced

No. 24-50596

Russell's attempts to amend his claims against TXTAG. We will not attempt to discern in the first instance whether those claims are patently frivolous. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017).

Accordingly, we GRANT Russell's motion to proceed IFP. We AFFIRM in part judgment of the district court as to the claims against Rivera, VACATE it in part as to the claims against TXTAG, and REMAND the case to the district court for further proceedings.