# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30402
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2025

Lyle W. Cayce
Clerk

Pamela Short Powell, *individually & on behalf of* Diana Lynn Short, Margaret Julia Short, Daniel Alan Short, Jack Warren Short, Jr.,

*Plaintiff—Appellant*,

*versus*

Anthony Decicco; Vanity Decicco; Jane Doe, 1; John Doe; Brent J. Laliberte, *Et al.*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CV-511

———————————————————

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Pamela Short Powell seeks to proceed in forma pauperis (IFP) on appeal from the sua sponte dismissal of her complaint as frivolous and the denial of her recusal motion. By moving to proceed IFP, Powell is challenging

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court's certification that her appeal was not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Powell's good faith "is limited to whether the appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

With the benefit of liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Powell argues that the district court erred in dismissing her complaint because her arguments were not frivolous and that it should have provided her notice and an opportunity to amend the complaint. Because Powell's lawsuit consisted of claims that were fantastical, irrational, delusional, and without plausible foundation, she fails to show a nonfrivolous basis for challenging the dismissal of the case. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)*; Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019). Ordinarily, a district court must provide a pro se litigant notice and an opportunity to amend prior to sua sponte dismissal of a complaint. *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). Notice and an opportunity to amend are not required, however, if the claimant has pleaded her best case or the allegations are patently frivolous or based on fantasy or a meritless legal theory. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *Century Sur. Co.*, 799 F.3d at 372. Because Powell's claims were fantastical, there is no nonfrivolous basis for challenging the district court's dismissal on the ground that she was not provided notice and an opportunity to amend. *See Century Sur. Co.*, 799 F.3d at 372. Moreover, Powell filed an amended complaint and gave no indication that she had not pleaded her best case. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986). Accordingly, Powell fails to present a nonfrivolous argument that the district court abused its discretion in dismissing her complaint as frivolous. *See Howard*, 707 F.2d at 220.

No. 24-30402

We review the denial of a motion to recuse for abuse of discretion. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). Under 28 U.S.C. § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Powell makes delusional, fantastical claims about the district court judge's alleged bias and criminality. None of the facts she recited would arguably lead a reasonable person to doubt the judge's impartiality. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003). Powell fails to present a nonfrivolous argument that the district court abused its discretion in denying her motion to recuse. *See Howard*, 707 F.2d at 220.

Powell's appeal is without arguable merit and is therefore frivolous. *See id.* Her IFP motion is DENIED, and the appeal is DISMISSED. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.